SUSAN GILES, Appellant, v. THE CITY OF SHENANDOAH.

**Injuries Due to Defective Walk or Street:** NOTICE OF INJURY: *Insufficiency.* Under Code, section 3447, barring action for injuries sustained by reason of a defective street or sidewalk in ninety days, unless written notice, specifying the time, place, and "circumstances" of the injury, be served on the city within sixty days from the happening of such injury, where an action was brought more than ninety days after an injury occurred, and the only notice served on the city was a letter from plaintiff's attorney notifying the city that he had a claim for adjustment for an injury which occurred to the plaintiff at the intersection of Church street and Clarinda avenue on the evening of April 21st, a verdict for defendant was properly directed, since the notice contained none of the "circumstances" of the injury.

SAME. Since the statute applies to injuries resulting from defective "streets or sidewalks" the notice is required for injuries occurring in a ditch in a street.

OBJECT OF NOTICE. The object of the statute is to apprise the city of the location of the defect and circumstances attendant upon the **injury so that** its liability may be investigated while the facts are fresh and also that it may ascertain what evidence there

2   may be of conditions then existing and the character of the injury, while witnesses are at hand.

**Appeal:** *Averment of injury from improper lighting of street.* Where plaintiff's petition was dismissed because proper notice had not been served on the city of the injury alleged to have been occasioned by a defective sidewalk, a second averment in the petition that injury was due to improper lighting of the street will not be considered on appeal as dispensing with the necessity of notifying the city of the injury, where no evidence was introduced at the trial to sustain such averment.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, APRIL 13, 1900.

THE plaintiff stepped into a hole in defendant's sidewalk, April 21, 1897, causing her to fall into a ditch by it and break her arm. This action for damages was begun August 19, 1897. After the evidence on the part of plaintiff had been introduced, the court directed a verdict for the defendant on the ground that no notice specifying the circumstances of the injury had ever been served. From the judgment rendered thereon the plaintiff appeals.—*Affirmed.*

*C. S. Keenan* for appellant.

*W. P. Ferguson* for appellee.

LADD, J.—As the suit was begun more than ninety days after the accident, "unless written notice specifying the place and circumstances of the injury" was served on the defendant city within sixty days thereafter no action can be maintained. Capter 25, Twenty-second General Assembly, as amended by chapter 63, Twenty-sixth General Assembly; Code, section 3447; *Pardey v. Incorporated Town of Mechanicsville,* 101 Iowa, 266; *Starling v. Incorporated Town of Bedford,* 94 Iowa, 194. The only notice served on the defendant was that signed by plaintiff's attorney, demanding a settlement of the claim, with notice of

his lien, and containing these words: "You, and each of you, are hereby notified that the undersigned has for collection and adjustment a claim on account of an injury that occurred to Mrs. J. L. Giles, at the intersection of Church street and Clarinda avenue, on the evening of April 21st." This did not purport to give any of the circumstances of the injury, as required. So far as conveying information, the accident may as well have resulted from a falling sign, as in *Bliven v. City of Sioux City,* 85 Iowa, 346, or the breaking down of a bridge, as in *Sachs v. City of Sioux City,* 109 Iowa, 224, or the running away of a team, as from a defective sidewalk. The object of the statute is to apprise the city authorities of the location of the defect, and the circumstances attending the accident, with such reasonable certainty as shall enable them, not only to investigate the city's liability while the facts are fresh, but also to ascertain what evidence there may be of conditions then existing, and of the character of the injury, while witnesses are at hand. *Benson v. City of Madison,* 100 Wis. 312 (77 N. W. Rep. 161); *Owen v. City of Ft. Dodge,* 98 Iowa, 281. It is enough, however, that the legislature has prescribed the service of a notice specifying "the circumstances of the injury" within sixty days, to prevent the bar of the statute of limitations within ninety days; and, as this was omitted, the action cannot be maintained.

The appellant insist that, as she averred in the second count of her petition that the accident resulted from neglect to properly light the street, no notice was essential. As no evidence bearing on this issue was introduced, the point is not presented by the record. Again, it is said the injury occurred in the ditch, rather than on the sidewalk. But the ditch was in the street, and, by the express language of the act, notice is necessary "In all cases of personal injury resulting from defective streets or sidewalks."—AFFIRMED.