## MARY J. PARDEY v. THE TOWN OF MECHANICSVILLE, Appellant.

**Defective Sidewalks:** NOTICE OF INJURY: *Original notice and petition in dismissed action.* McClain's Code, section, 633, limited the bringing of actions for personal injuries resulting from defective sidewalks to six months from the time of the injury, unless a written notice of the place and circumstances of the injuries shall have been served on the city within 90 days from the accident. Plaintiff, within 90 days from her injury from a defective sidewalk, notified the defendant city of the place and circumstances of the accident, and brought suit therefor within the same period. The notice, which was an original notice beginning said suit, stated the date of the accident, and referred for details to the petition in the suit, which stated specifically the time, place, and circumstances of the accident. This action was voluntarily dismissed by plaintiff at the trial, and a new action, which was not a continuation of the first, was begun more than six months after the accident. *Held*, that the notice and petition in the first action were a sufficient notice to defendant of the place and circumstances of the accident to remove the six months' bar of the statute.

Statute of Limitations: CONTINUATION OF UNSUCCESSFUL ACTION. Where plantiff, at the trial, discovered that one of her witnesses had been made drunk by defendant's agents, and that others were so far influenced by them that it would be unsafe to put them on the stand, and, instead of applying for a continuance, voluntarily dismissed her action and commenced another, the second action was not a continuation of the first, within the meaning of Code 1873, section 2537, providing that if plaintiff fail in an action begun, for any cause except negligence, and sues again within six months, the second action shall be deemed a continuation of the first as regards the statute of limitations; since her voluntary dismissal of the first action was negligence in its prosecution.

*Appeal from Cedar District Court.*—HON. WILLIAM G. THOMPSON, Judge.

MONDAY, OCTOBER 8, 1900.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in not keeping one of its sidewalks in repair. The defendant answered, admitting its corporate capacity, and that it constructed said walk, and denying every other allegation in the petition. Verdict and judgment were rendered for the plaintiff for $1,500. Both parties appeal. The defendant having first presented its appeal in this court, it is designated as the appellant.—*Affirmed.*

*W. H. Smith* and *Jamison & Smyth* for appellant.

*C. W. Kepler* and *T. B. Hanley* for appellee.

GIVEN, J.—I. We first consider the plaintiff's appeal, which rests upon the following facts: May 8, 1897, the plaintiff filed her amended and substituted petition, setting forth her cause of action as having accrued on or about June 18, 1894; that within 90 days thereafter she served notice thereof on defendant's mayor, specifying the place and circumstances of the injury, and on the twenty-first day of

August, 1894, filed a petition setting forth said cause of action, and asking to recover thereon, and that the defendant appeared and answered said petition, and the case proceeded to trial; that at the conclusion of the testimony for the plaintiff the defendant moved for a verdict, whereupon the plaintiff, for the following reasons, without negligence on her part, dismissed her said suit without prejudice. The reasons alleged are that the principal witness to the condition of the sidewalk, whom she had subpoenaed, and who was in attendance, was induced by persons acting under instructions of some of defendant's officers to drink intoxicating liquors to such excess as to be wholly unfit and incompetent to testify coherently when called, by reason of which plaintiff was deprived of her most valuable testimony; that several other witnesses by whom she expected to prove the condition of the walk were so influenced by defendant's officers and agents that she deemed it unsafe and unwise to place them on the witness stand while under that influence. Believing that it would be an advantage to have further time to investigate, and that said witness would be in better condition to testify, and the others got from under said influence, later on, she dismissed her action, and on the seventeenth day of January, 1895, brought this suit for the same cause against the same party, as a continuance of the first suit. The notice set out as served on the mayor is the original notice in the first case. The petition and answer in that case are also set out as exhibits to this petition, and show the same cause of action and issues as in this case. On May 4, 1897, the defendant moved to strike the whole and certain parts of this amended and substituted petition, which was overruled; and, according to appellee's abstract, which is not denied, no exception was taken to the ruling. On November 16, 1897, the defendant demurred to said amended and substituted petition on the following grounds: "(1) That all the matters and things pleaded in said petition,

taken together, do not show that plaintiff is entitled to prosecute this suit, for the reason that no notice was served as required by law on the defendant before the commencement of this suit.   (2) The facts pleaded do not show that this suit is a continuation of the former one, nor do they show that said action was dismissed without negligence of the plaintiff." The court overruled said demurrer as to the first and sustained it as to the second ground,—the defendant excepting to the first ruling, and the plaintiff to the last; and it is from this last ruling that the plaintiff appeals.

II.   We inquire, is this a continuation of the first action?   Section 2537 of the Code, of 1873, under which this proceeding was had, provides as follows:   "If, after the commencement of an action, the plaintiff for any cause, except negligence in its prosecution, fails therein and a new one is brought within six months thereafter, the second shall for the purposes herein contemplated, be held a continuation of the first."   Under section 2749 of the Code of 1873 a continuance might be allowed for any cause which satisfied the court that substantial justice would thereby be more nearly obtained.   It is a common practice, where an emergency arises, without fault of the party, that renders delay in the progress of the trial necessary to a full and fair trial, that the progress of the trial will be suspended. The plaintiff did not ask a continuation, nor even a delay of a few hours, that would have removed the difficulty caused by the intoxication of her witness, but dismissed her cause, thereby rendering useless the costs, expenses, and trouble that had been incurred.   The dismissal was voluntary, not compulsory, and to thus dismiss the case was negligence in its prosecution.   See *Archer v. Railway Co.,* 65 Iowa, 611. There was no error in sustaining the second ground of the demurrer.

III.   We now inquire as to defendants' appeal.   The first contention is that the plaintiff did not allege or prove the service of a notice as required by section 633, McClain's

Code. Said section limits the bringing of actions like this to 6 months, "unless written notice specifying the time, place and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within ninety days from the happening of the injury." If the action was brought within the 90 days, as was plaintiff's first action, this notice is not required; but, if after 90 days, it was barred, unless such notice was served. This action, not being a continuation of the former, was not begun until after the lapse of 6 months, and is therefore barred, unless notice was served as required by said section 633. The notice relied on by the plaintiff is the original notice served in the first action, and the contention is whether that notice may be treated as the notice required by said section 633. In *Owen v. City of Ft. Dodge,* 98 Iowa, 286, we said: "The object of the notice is that the city authorities may investigate the question of the defendant's liability while the facts are fresh and the evidence is attainable, and reasonable certainty as to the place and circumstances of the injury is all that is required." We further said: "Where the notice conveys the necessary information to the proper officers it is good, even if there are some inaccuracies in it. The defendant could not have been, and was not in fact, misled The attention of the mayor of the city was called to the exact place of the accident within three days after it happened and the particular defect was pointed to him. The testimony relied upon to prove the mayor's knowledge of the place was objected to, but we think it was proper,—not, perhaps, to supplement the notice, but to show that the city was not misled." That original notice informed the defendant that on or before the twenty-third day of August, 1894, there would be on file a petition of the plaintiff claiming $5,000 "on account of damage sustained in stepping into a dangerous and defective sidewalk along Main street on or about June 18, 1894 permanently injuring one of her ankles and otherwise

injuring her, all of which will more fully appear in said petition." The petition filed August 21, 1894, to which the defendant answered September 4, 1894, stated specifically the time, place, and circumstances of the injury. The original notice was served and the petition filed and answered within 90 days from the time of the occurrence of the accident. In face of these undisputed facts it cannot be said that the defendant did not have written notice of the plaintiff's claim, specifying the time, place, and circumstances of the injury, within 90 days after the injury. No form of notice is prescribed in the statute, and, though this was in the form of an original notice, it imparted to the defendant, within the time provided, the information of which it is required that notice should be given. This point was raised and preserved by the defendant at the several stages of the trial. Our conclusion. is that there was no error in holding that sufficient notice had been alleged and proven to entitle the plaintiff to maintain this action, though not brought until after 6 months from the time of the injury.

IV. The defendant complains of the refusing and giving instructions, the complaint being based upon the grounds already considered. The court held on demurrer and throughout the trial that this is not a continuation of the former action, and that a sufficient notice in writing had been served on the defendant within the time required to entitle the plaintiff to maintain this action. We conclude that these rulings are correct, and, as the instructions were in harmony therewith, they, too, are correct. The defendant questions the sufficiency of the evidence to sustain the verdict. It is sufficient to say that the verdict has such support as that, under the rule in such cases, we should not interfere therewith. Our conclusion upon the whole record is that we should affirm on both apeals.—AFFIRMED.

GRANGER, C. J., not sitting.