GUSTAVE SCHNEE, Administrator, v. CITY OF DUBUQUE, Appellant.

**Municipal Corporations:** PERSONAL INJURY. NOTICE TO CITY.
1 Code, section 1051, providing that notice of the nature and cause of an injury and the negligence of the city, which it is claimed contributed thereto, should be liberally construed, and if it states facts, which, if proven, would render the city liable, it is a compliance with the statute. The notice in this case is held sufficient.

**Personal Injury:** FALL FROM SIDEWALK: In an action for the death
2 of one caused by a fall from a sidewalk, the question of whether the height of the walk or the act of falling caused the death, is for the jury, and it is not necesary to show that

a defect in the walk caused the fall, where it appears that the height of the walk above the street where deceased fell contributed to the injury.

**Instinct of Self-Preservation.** Where there is no direct evidence
3   of the cause of a fall, resulting in death, and nothing to indicate want of care on the part of deceased, the presumption that deceased was exercising reasonable care for the preservation of his own life, obtains.

**New Trial:** NEWLY DISCOVERED EVIDENCE. On a motion for a new
4   trial based on newly discovered evidence, the showing is held sufficient both as to the materiality of the evidence and as to diligence.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

THURSDAY, JANUARY 28, 1904.

ACTION to recover for injuries received by plaintiff's intestate, a boy of about nine years of age, who fell from a sidewalk in the business part of defendant city to the gutter, and died immediately as a result of such fall. There was a verdict for the defendant. The court, on plaintiff's motion, granted a new trial, and defendant now appeals from that order.—*Affirmed.*

*G. A. Barnes* and *J. B. Powers* for appellant.

*P. C. Murray* and *McCarthy, Kenline & Roedell* for appellee.

McCLAIN, J.—The first contention for appellant is that the notice of the injury given within thirty days was not such as is required under Code, section 1051, which pro-
1. PERSONAL in- vides that such notice shall state the "nature
jury: notice
to city.          and cause of such injury or damage, and the
time when, and the place where, such injury occurred, and the particular defect or negligence of the city or its officers which it is claimed caused or contributed to the injury or damage." The notice is sufficiently specific as to the place

and time of the injury. As to the nature and cause of the injury, and the particular defect or negligence of the city or its officers which caused or contributed to the injury, the notice states substantially that while deceased was walking on the sidewalk at the place described, and while using such sidewalk as was his legal right, he was precipitated from the sidewalk into the street; that his neck was broken by the fall, and death resulted almost instantaneously; that at said point the street is, and has been for several years, curbed, graded, and macadamized; that, after the improvement thereof, the sidewalk at the place described stood about eighteen inches or more above the curb line, such curb line being the established grade; and that such sidewalk was negligently allowed to remain in such dangerous condition up to the time of the accident. The objection is that this notice does not state the nature and cause of the injury, nor the defect or negligence which caused or contributed to the injury, and therefore, as a matter of law, the plaintiff could not recover if a new trial were granted. We cannot agree with this contention. The notice does state the negligence of which complaint is made, to wit, allowing the sidewalk to be so far above the grade of the street that injury was likely to result to one falling from the sidewalk to the street below. The nature of the injury was stated. The cause of the injury was alleged to have been this negligent condition (assuming that the jury would find that to allow the sidewalk to be in this condition was negligence) which rendered a fall from the walk to the street dangerous, and in this case fatal.

The trial court proceeded on the theory that the city would not have had a right to erect a barricade along the sidewalk at the place in question, which was in front of a business house, for the purpose of preventing persons passing along the sidewalk from falling to the street below. We need not determine the correctness of the view of the trial court on this question. Failure to maintain a proper barricade or railing was not the defect complained of in the notice. Now, if a person should, in the dark, step off at the side of

a walk which he had reason to believe was not so high from the street as to make his act in stepping off dangerous, and should be injured by reason of the negligence of the city in having the walk so high above the grade of the street as to be likely to cause an injury in thus stepping off, how could the nature and cause of the injury, or the particular defect or negligence complained of, be more accurately described than in this notice? The statutory requirement as to notice must be reasonably construed with reference to the purpose for which it was enacted. "The object of the statute is to apprise the city authorities of the location of the defect and the circumstances attending the accident with such reasonable certainty as shall enable them not only to investigate the city's liability while the facts are fresh, but also to ascertain what evidence there may be of the conditions then existing, and the character of the injury, while witnesses are at hand." *Giles v. Shenandoah,* 111 Iowa, 83. And see *Sachs v. Sioux City,* 109 Iowa, 224. It seems to us that the notice sufficiently states facts which, if established, might render the city liable. It is not necessary for us to determine how far other facts and circumstances tending to show how the accident happened, and the defective condition of the walk, may be proven under such a notice. If the defective condition of the walk which was described contributed, with other causes, to the resulting injury, the city may be liable, although the other causes were not the result of the fault of the city, provided, of course, they were not due to negligence of the person injured. *Eginoire v. Union County,* 112 Iowa, 558; *Gould v. Schermer,* 101 Iowa, 582; *Hodges v. Waterloo,* 109 Iowa, 444; *Langhammer v. Manchester,* 99 Iowa, 295. It must be borne in mind in the construction of this statute that it requires a very prompt notice of the injury and of the defect complained of. It may well be that some material facts are not discoverable until the witnesses are examined in court. On the trial of the case great liberality is allowed in amendment to make the pleadings cover the particular facts disclosed by the evidence. No amendment

of the notice, however, is provided for. It is evident, therefore, that it would be unjust to give to the statute so strict a construction as to exclude proof of all facts relating to the nature and cause of the injury and the defect or negligence complained of which are not detailed in the notice. The statute should rather have a liberal construction, to the end that parties having meritorious claims shall not be cut off by mere technicality as to the form of notice required. *City of Lincoln v. Pirner,* 59 Neb. 634 (81 N. W. Rep. 846); *Tattun v. Detroit,* 128 Mich. 650 (87 N. W. Rep. 894.)

II. It is contended further that a new trial should not have been granted for the reason that there was no evidence as to what caused deceased to fall from the walk. The

2. PERSONAL in-jury: fall from sidewalk.

theory of counsel seems to be that the injury to deceased was the proximate result of the cause, whatever it was, that occasioned his fall, and not of the distance which he fell by reason of the street being much lower than the sidewalk. But a fall is not necessarily dangerous, and it is reasonable to conclude from the evidence of the witnesses who saw the deceased immediately before and immediately after the accident that the distance rather than the fact of falling caused his death. At any rate, this was a question for the jury. There is some evidence that there was a ring and staple in the sidewalk near the curb line, and very near the place where deceased was last seen standing, and the evidence points to the probability that deceased tripped on this ring and staple while stepping backward. But it is not necessary to find that it was negligence on the part of the city to allow a ring and staple in the sidewalk, in order to hold it liable for the result of the fall, if the defective condition of the walk with reference to its height from the street contributed to the resulting injury. It is not essential, therefore, that plaintiff should show what the cause of the fall of deceased was, if, under the conditions existing, such a fall was rendered more dangerous by the negligence of the city.

III. Counsel for appellant argue further that no new trial should have been granted because the evidence fails to show reasonable care on the part of deceased. No witness

3. INSTINCT of selfpreserva-tion.

testifies as to what caused the deceased to fall, and there is nothing to indicate any want of reasonable care on his part. The case is a proper one for the application of the rule that a person is presumed to have exercised reasonable care for the preservation of his own life, where there is no direct evidence as to the cause of or the circumstances surrounding the accident. The one witness who testifies most directly saw the deceased standing near the edge of the sidewalk, and a moment afterward saw him lying in the gutter. In the interval while looking in another direction, he heard a clinking sound, as though the boy's foot might have come in contact with the ring in the staple. We think that the jury might properly be allowed to take into account the instinct of self-preservation, as a basis of inference of reasonable care. *Bell v. Clarion,* 113 Iowa, 126; *Salyers v. Monroe,* 104 Iowa, 74.

IV. Getting now to the grounds on which the new trial may have properly been granted, it is sufficient to say that the showing of newly discovered evidence was sufficient, and

4. NEW trial: newly discov-ered evidence.

that the counsel do not appear to have been wanting in diligence with reference to its discovery. The new witness is a woman who saw the deceased as he was falling, and appears from her affidavit to have more definite information as to the circumstances than any of the witnesses who testified on the trial. In fact, the witness who gave the most important testimony on the trial was a child of about the same age as deceased, and who, as already indicated, saw nothing of the accident until deceased was lying in the gutter with his neck broken. It will not do to say that such testimony as is indicated in the affidavit of the proposed additional witness would be merely cumulative. As to the diligence of counsel, it appears that they had no knowledge nor means of knowledge as to the proposed witness having been at the place of the accident until in-

formation with reference thereto was given to them by her after the trial had ended. The case is a proper one, therefore, for the granting of a new trial on the ground of newly discovered evidence.

V. Another ground which is urged as sufficient to sustain the action of the court is that of misconduct of the jury, but as there are conflicting affidavits, and there would be no advantage in determining the question, we need not pass upon the sufficiency of the showing.

The action of the trial court below in sustaining the motion for a new trial is AFFIRMED.