JOHN C. BAUER v. CITY OF DUBUQUE, Appellant.

**Municipal Corporations:** DEFECTIVE SIDEWALK. NOTICE. A notice
1    of claim for injury caused by a defective sidewalk, pursuant to Code, section 1051, if specific as to time, place and nature of the injury, is not rendered insufficient by alleging more than one defect in the walk.

**Admission of Incompetent Evidence.** The admission of incom-
2    petent evidence, which is afterwards stricken out and the jury is advised not to consider it, is harmless error.

**Evidence:** RECORDS OF COUNCIL: PLATS. Records of the counsel
3    tending to show that the city had notice of the condition of the walk on which plaintiff was injured, are admissible, and a plat of the walk is not rendered inadmissible because containing the scale upon which it is drawn.

**Instructions:** DEFECTIVE SIDEWALK. In an action for injuries re-
4    ceived from a defective sidewalk, an instruction which assumes that the walk was in a defective condition and directs a finding for plaintiff, without a determination of that question by the jury, is erroneous.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NEL, Judge.

FRIDAY, JANUARY 29, 1904.

ACTION to recover for personal injuries received on one of the defendant's sidewalks. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.— REVERSED.

*G. A. Barnes* and *J. B. Powers* for appellant.

*Bowen & Fitzpatrick* for appellee.

SHERWIN, J.—The notice of claim for personal injury required by section 1051 of the Code was duly served upon the defendant, but objection was made thereto upon the trial because it alleged more than one defect in the sidewalk causing the plaintiff's injury. The purpose of the notice is clearly defined by the language of the statute. It is to advise the municipality of the nature and cause of such injury, the time and place when and where it occurred, and the particular defect or negligence which it is claimed caused or contributed to it. The plaintiff in fact included much more in the notice than was necessary under the statute, and alleged therein more than one defect in the walk. The time and place and the nature of his injury were specific. He was not bound to rely upon a single defect in the walk nor to confine thereto his statement of the defendants's negligence, and we think the notice was sufficient.

*1. DEFECTIVE sidewalks: notice.*

Much incompetent testimony was received over the objections of the defendant relating to the frosty condition of the walk at other times, and the effect thereof upon travelers thereon. Such testimony was afterwards stricken out, however, and the jury advised in an instruction not to consider it, so that no prejudice resulted from its admission.

*2. ADMISSION of incompetent evidence.*

The objection urged against the admission of a part of the records of the council is not well founded. It related to the walk in question, and tended to show that the city had notice of its general condition at the time of the injury. The testimony of Munsell as to the frosty condition of the walk appears to have been stricken out with that of the other witnesses on the same subject.

*3. EVIDENCE: records of council: plats*

There was no error in admitting the plat of the walk. If correct in other respects, the scale upon which it was drawn did not make it incompetent.

A small bolt or lag screw was fastened in the walk near its west edge, and to this was attached a short piece of wire,

which the plaintiff struck with his foot in passing, causing

3. INSTRUCTIONS: him to fall. The court instructed the jury
defective side-
walk.      that it was the defendant's duty to exercise
ordinary care in keeping its sidewalks in a reasonably safe
condition for travel, and that to recover, the plaintiff must
show that he was injured by "reason of the defects in the
walk,   *   *   *   and that the city had notice of the existence
of said defect so long a time before the accident that, in the
exercise of ordinary care, it could have repaired or removed
any such defect." It will be noticed that this instruction as-
sumes negligence on the part of the defendant in permitting
the alleged defect to exist, although not so clearly as did the
eleventh paragraph of the charge, which follows: "If you
believe from the evidence that plaintiff was injured by rea-
son of striking his foot against a bolt or wire, or either of
them, in said sidewalk, at or about the place mentioned in
his petition, and that he was exercising ordinary care at the
time, and did no act which contributed to his injury, and
that the defendant had notice of the obstruction or defects
of which complaint is made a sufficient length of time to have
repaired or removed the same, by the exercise of ordinary
diligence, before the time plaintiff was injured, then your
verdict should be for plaintiff. If you do not so find in re-
ference to any one of the foregoing particulars, your ver-
dict should be for the defendant." The city was bound to
do no more than to keep its sidewalks in a reasonably safe
condition for travel, and whether the one in question was
or was not in such condition was a vital question in the case,
which the jury alone could determine; and nowhere was this
subject referred to except in the general language which we
first quote. The eleventh instruction clearly assumed that
the walk was not in a reasonably safe condition, and directed
a finding for the plaintiff without the determination of that
question by the jury, and this was error. The same over-
sight is apparent in the instructions as a whole.

The judgment is REVERSED.