ANNA BUCHMEIER, Appellant, v. CITY OF DAVENPORT.

138   623
c141   208

138   623
144   138

**Defective streets:** NOTICE OF INJURY: SUFFICIENCY. The statute requiring notice to be given a city of the place and defect in a street or walk which it is claimed caused or contributed to the injury will be liberally construed, so that parties having a meritorious claim will not be cut off by mere technicalities as to the form of the notice. Under this rule a notice though failing to designate on which of four possible crosswalks at a street intersection the injury might have occurred is not fatally defective, where it was not shown that there was any walk other than the one on which the injury occurred.

**Same.** The effect of stating a less sum claimed for an injury in the notice given the city than that claimed in the action is to limit the recovery to the amount stated in the notice.

*Appeal from ˹Scott District Court.*— HON. A. J. HOUSE, Judge.

TUESDAY, JUNE 9, 1908.

ACTION to recover damages for personal injuries sustained by falling on a crosswalk of defendant city, defective by reason of the negligence of the city. At the close of the evidence the court sustained defendant's motion for a directed verdict in its favor, and from a judgment on such verdict the plaintiff appeals.— *Reversed.*

*Schmidt & Vollmer* and *E. M. Sharon,* for appellant.

*Henry Theunen* and *George W. Scott,* for appellee.

McCLAIN, J.— The motion for a directed verdict was

sustained · on the ground that plaintiff's verified statement
of claim for. damages required by Code, section 1051 (ap-
plicable to cities under special charter), was
insufficient. That section requires that such
claim shall be presented to the council or filed
with the clerk within thirty days after the alleged injury
or damage was sustained, and shall state " the amount, na-
ture, and cause of such injury or damage, and the time when
and the place where such injury occurred, and the particu-
lar defect or negligence of the city or its officers which it is
claimed caused or contributed to the injury or damage."
The statements of the notice given are that plaintiff " was
injured [on a date named] by falling on a crossing at Ninth
and Warren streets, in the said city, the said crossing be-
ing at the time, very icy and in a dangerous condition, and
she, attempting to cross the same in the exercise of due care,
fell and injured herself severely, from the effect of which
said injuries she is still suffering," and she demands $500
" for the pain, suffering, and other damages which she has
suffered on account of the said injuries which were due to the
negligence of the said city in not causing the removal of
the said ice and snow at the said place, the same having been
in a dangerous condition for a long time prior thereto."

A notice which in fact points out the place of the acci-
dent with sufficient definiteness to reasonably enable the offi-
cers of the city to investigate the conditions under which it is
alleged to have happened sufficiently complies with the pur-
pose of the statute. Now, it does not appear in this record
that there was any other crossing at Ninth and Warren streets
in the defendant city than the one in which the plaintiff was
injured, and if, on proceeding to the crossing of said streets,
the officers would have found but one crossing, they were suffi-
ciently advised by the notice that such crossing was the one
on which plaintiff claimed to have been injured. On the
face of it the notice is somewhat ambiguous, as it does not in-
dicate whether the accident occurred while plaintiff was on

1. DEFECTIVE
STREETS: notice
of injury:
sufficiency.

one of four sidewalk crossings which might have existed at the intersection of said streets.    But it does not appear that there were four sidewalk crossings, and it has frequently been held that the sufficiency of the notice must be determined in view of the circumstances.    *Pardey v. Mechanicsville,* 112 Iowa, 68; *Owen v. Ft. Dodge,* 98 Iowa, 281; *Rusch v. Dubuque,* 116 Iowa, 402; *Giles v. Shenandoah,* 111 Iowa, 83; *Benson v. City of Madison,* 101 Wis. 312 (77 N. W. 161).    The statutory requirement of notice is to be liberally construed, to the end that parties having meritorious claims shall not be cut off by a mere technicality as to the form of notice to be required.    *Schnee v. Dubuque,* 122 Iowa, 459; *Perry v. Clarke County,* 120 Iowa, 96.

Something is said in argument as to the sufficiency of the notice in which only $500 is claimed to support an action for the recovery of a larger amount; but that question is not before us.    At most, the effect of stating a less sum in the notice than that subsequently claimed would be to limit plaintiff's recovery to the amount named in the notice.    *Van Camp v. City of Keokuk,* 130 Iowa, 716.

2. SAME.

The court erred in directing a verdict for the defendant; and the judgment is *reversed.*