CUBA TREDWELL, Appellee, v. CITY OF WATERLOO, Appellant.

No. 42043.

NOVEMBER 14, 1933.

OPINION MODIFIED AND REHEARING DENIED APRIL 5, 1934.

Miller, Miller & Miller, and Pike, Sias, Zimmerman & Butler and A. G. Reid, for appellant.

Frank W. Edwards and Milton F. Fields, for appellee.

STEVENS, J.—The cause of action here involved was brought by appellee to recover damages to his automobile and for injuries to his person resulting from an accident occurring on a public street in the city of Waterloo caused, as alleged by him, by defects and obstructions in such public street. The details of the occurrence are not at present important.

One of the defenses set up by defendant in its answer was the statute of limitations. So far as material to the present controversy, section 11007 of the Code of 1931 is as follows:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

"1. In actions for injuries from defects in roads or streets— notice. Those founded on injury to the person on account of defective roads, bridges, streets, or sidewalks, within three months, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

The foregoing statute applies only to injuries to the person, and section 6734 of the Code is applicable only to special charter cities. Harvey v. City of Clarinda, 111 Iowa 528. The accident in question occurred shortly after midnight on July 5, 1930; but the petition in this case was not filed in the office of the clerk of the district court until more than a year had expired. The question, therefore, goes directly to the sufficiency of the written notice which was served upon the appellant city within the required time. The following is a copy of the notice which was signed by appellee and his attorney:

"To the City of Waterloo, Iowa:

"You are hereby notified that the undersigned claims damages of you for personal injuries and for injury to his automobile, which occurred on or about July 6th, 1930, on Washington Street in the city of Waterloo, Iowa, at or near a point on said street known as

738 Washington Street. That the said damage was occasioned by the dangerous condition of the said street. That there- were deep holes in the street and in the traveled portion therof. That there was a tree stump and the trunk of a tree and other parts of trees on the traveled portion of said street, which made the said street dangerous for travel.

"That there was no warning sign or light to indicate the condition of said street.

"That the complainant entered the said street from the LaPorte Road paving at night time, and upon encountering the said holes and other obstructions, was compelled to and did strike a telephone service pole, which did the damage complained of."

The particular in which the aforesaid notice is claimed to be defective is that it fails to state the place at which the evidence shows the injuries were received. We gather from the record that Washington street referred to in the notice has a length of many blocks. The exact place of the accident is designated in the notice as at or near a point on said Washington street known as No. 738. The accident in fact occurred at or near No. 1738, approximately 3,000 feet from the point designated in the notice.

The reason for the statute is twofold; that is, to limit the time within which actions for personal injuries may be brought against municipalities, and to provide a method by which early and sufficiently definite information of the circumstances of the accident and the cause of the injuries may be conveyed to the municipality. Unless action is commenced within three months after the date on which personal injuries are received as the result of defects in a public street, a written notice specifying the *time, place, and circumstances* of the injury must be served by the injured party upon the municipality. This statute is mandatory in character and must be complied with. The question here involved has many times been considered and discussed by this court.

Conceding that the notice as to time and circumstances of the accident meets the requirements of the statute, is it sufficiently specific as to place? In none of our previous cases has there been such wide disparity in the place designated and the place at which the injuries were actually received. It has repeatedly been said by this court that the purpose of the statutory notice is to convey to the municipal officers prompt information of the time, place, and

circumstances of the injury so that the necessary investigation may be had. Neeley v. Town of Mapleton, 139 Iowa 582, 117 N. W. 981; Blackmore v. City of Council Bluffs, 189 Iowa 157, 176 N. W. 369; Howe v. Sioux County, 180 Iowa 580, 163 N. W. 411. Many of our prior decisions on this point are collected and reviewed in the case last cited. If the present notice is to be held sufficient, the court must go much further than it has in any previous case.

The notice considered in Owen v. City of Fort Dodge, 98 Iowa 281, 67 N. W. 281, designated the place as somewhat less than 100 feet from where the injuries were shown to have been actually received. We held that the notice as a whole was sufficient. The notice designated the side of the street and specified the defect which existed in a crossing at the point stated.

The notice involved in Rusch v. City of Dubuque, 116 Iowa 402, 90 N. W. 80, designated the place as on the east side of Windsor avenue between Providence street and Lincoln avenue and about 150 feet from said Eagle Point avenue and at a point opposite building No. 254. The place where the injuries were received was 23 feet north of the north line of No. 254 and 181 feet north of Eagle Point avenue. Held sufficient.

The notice in Buchmeier v. City of Davenport, 138 Iowa 623, 116 N. W. 695, recited that the injuries were received "by falling on a crossing at Ninth and Warren streets, in the said city, the said crossing being at the time very icy," etc. The record failed to disclose more than a single crossing at Ninth and Warren streets in the defendant city, and the notice was, therefore, held sufficient.

The only notice served in Pardey v. Town of Mechanicsville, 112 Iowa 68, 83 N. W. 828, was an original notice of the commencement of an action for damages. As it embraced all of the elements required by the statute and was served within three months, it was held to be sufficient.

A particularly informal notice, but, in effect, containing the three specified requirements of the statute, was sustained in Perry v. Clarke County, 120 Iowa 96, 94 N. W. 454.

Proceeding upon the theory that the purpose of the notice is as previously held by this court, does the notice in question sufficiently designate the place? So far as anything in the record discloses, the situation and condition of Washington street described in the notice was the only one of similar character on Washington

street or in the city of Waterloo. The statute in question is strictly a statute of limitations. Appellee was bound to commence his action within three months and, if he did not do so, in the absence of the required notice, the bar of the statute would be complete. Giles v. City of Shenandoah, 111 Iowa 83, 82 N. W. 466; Sachs v. City of Sioux City, 109 Iowa 224, 80 N. W. 336.

Suppose the officers of appellant city had traveled Washington street for its full length and discovered the point where a tree had been cut down and the stump dug underneath and loosened but not removed, together with a telephone pole some feet distant; would these facts, considered in the light of the notice as a whole, have definitely advised them of the place of the accident?

The burden rested upon appellee to prove that a written notice had been served upon appellant city which by its terms designated the *place* where the injuries were received. The place designated is No. 738 Washington street in said city. No such condition existed at that point nor within 3,000 feet thereof. If the present notice be upheld, then, at most, designation of the street alone may, under certain circumstances, be sufficient. Even granting the utmost liberality in the interpretation of the notice prescribed by the statute, and of its purpose, the party injured must, nevertheless, designate the place of the injuries with reasonable certainty. No duty was imposed upon the city to proceed to explore the street designated in the notice for a distance of three-fifths of a mile and for themselves discover a situation corresponding in some measure to that described in the notice. To hold otherwise would be to practically eliminate one of the three essentials of the required notice. This court has gone far in numerous of its cases, of which Blackmore v. City of Council Bluffs, 189 Iowa 157, 176 N. W. 369, is one, in emphasizing the absence of prejudice to the municipality because of defects in the notice. A disparity between the place designated and the place where the injuries were actually received of a few feet might not, as held in the cited cases, be necessarily fatal, if other facts describing conditions in the immediate vicinity are stated with sufficient clearness to point out the exact location. The notice in question clearly did not sufficiently comply with the statute in the particular in question upon any theory of the case. The cause of action in this case was stated in a single count and the verdict of the jury was general. The court has no way of determining the value of the

automobile fixed by the jury. The judgment below must, therefore, be reversed.—Reversed.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.