Loretta Bowman, appellant, v. City of Davenport, a municipal corporation, appellee.

No. 48053.

(Reported in 53 N.W.2d 249)

MAY 6, 1952.

REHEARING DENIED SEPTEMBER 19, 1952.

Newport, Bybee & Wine, of Davenport, for appellant.

Nathan Grant and Charles Wittenmeyer, both of Davenport, for appellee.

MANTZ, J.—In her petition filed May 10, 1951, Loretta Bowman, the plaintiff, alleges that she sustained personal injuries by reason of a defective sidewalk in the defendant city. She claimed that she fell on said sidewalk on February 14, 1951. Her petition sets forth in detail the nature and extent of her injuries and as far as then ascertainable, her personal expenses.

On the 13th of March, 1951 she filed with the city clerk of the defendant city her verified claim, the material part of which for this appeal is as follows:

"Statement of claim against the City of Davenport for personal injuries, in compliance with section 420.45, Code of Iowa, 1950.

"STATE OF IOWA⎫
 SCOTT COUNTY⎭ ss

"I, Loretta Bowman, being first duly sworn, do depose and say as follows:

"Par. 1. That at about three o'clock p.m. on February 14, 1951, I fell on the sidewalk on the west side of Carey Street in the City of Davenport, Iowa at a point between Cambria Court

and Charlotte Avenue and that I sustained the following injuries as a result of that fall; injuries to my right knee including a torn fat pad or a torn medial meniscus and other injuries to said knee requiring that said knee be operated.

"Par. 2. That as a result of said injuries, I have submitted to an operation of my knee and that the extent of my injury is undeterminable at this time and that the extent of the damages which are a consequence of said fall are also undeterminable.

"Par. 3. That according to my best information and belief the cause of the fall and the injuries was the presence of ice and snow on the sidewalk and the accumulation of ice and snow on the sidewalk which had become rough and uneven and the unevenness of the slabs which form the sidewalk.

"Par. 4. That according to my best information and belief the condition of the sidewalk which was described in paragraph 3 above, including the presence of ice and snow, the rough accumulation of ice and snow and the unevenness of the sidewalk, was permitted by the negligence of the City of Davenport, Iowa."

To plaintiff's petition based upon the above verified statement defendant filed a motion to dismiss as follows:

"Comes now the defendant and moves the court to dismiss the petition of the plaintiff upon the following grounds, to wit:

"Par. 1. Plaintiff's petition fails to state a cause of action in that the written verified statement filed with the clerk of the City of Davenport, Iowa, fails to state the amount of damages claimed by the plaintiff as provided by section 420.45 of the 1950 Code of Iowa.

"Par. 2. That the filing of a written verified statement as provided by section 420.45 is a condition precedent to the bringing of a suit against the defendant."

The district court sustained said motion to dismiss, hence this appeal.

I. The decisive question presented is, "Was the notice setting forth the verified claim sufficient under section 420.45, Code of 1950?"

Said section 420.45 is as follows:

"Claims for personal injury—limitation. In all cases of

personal injury or damage to property resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation or its officers to perform their duties, no suit shall be brought against any such city after three months from the time of the injury or damage, and not then unless a written verified statement of the amount, nature, and cause of such injury or damage, and the time when and the place where such injury occurred, and the particular defect or negligence of the city or its officers which it is claimed caused or contributed to the injury or damage, shall be presented to the council or filed with the clerk within thirty days after said alleged injury or damage was sustained."

The sole objection urged by defendant as set out in the above quoted motion to dismiss was that the written verified statement failed to state the amount of damages claimed by the plaintiff as provided in said statute.

The verified claim as above set forth describes the nature of plaintiff's injuries. The petition to which said verified claim was attached as an exhibit sets forth in detail the expenses which she has paid or incurred and growing out of her injury. No general amount was set forth in the verified claim.

This court has had before it in a number of cases the question of the sufficiency of said verified claims.

While the precise question involved in the instant case was not passed upon directly in the following cited cases, yet we think they are analogous in their application. They set forth the real nature and purpose of the verified statement; also that this court and other courts give liberal application and construction to verified statements. It will be noted that the statute makes no provision for amending said verified statement. This statement is a condition precedent to bringing action.

In the case of Bauer v. City of Dubuque, 122 Iowa 500, 501, 98 N.W. 355, the court had before it the sufficiency of a claim filed regarding injuries caused by a defective sidewalk. The claim was filed under section 1051, Code of 1897 (now 420.45, Code of 1950). The defendant claimed that the notice given did not comply with the statute in that two sidewalk defects were set forth therein. The court in its opinion stated:

"The purpose of the notice is clearly defined by the language of the statute. It is to advise the municipality of the nature and cause of such injury, the time and place when and where it occurred, and the particular defect or negligence which it is claimed caused or contributed to it. * * * The time and place and the nature of his injury were specific. He was not bound to rely upon a single defect in the walk nor to confine thereto his statement of the defendant's negligence, and we think the notice was sufficient."

The case of Luke v. City of Keokuk, 202 Iowa 1123, 1125, 211 N.W. 583, 584, was a personal injury suit wherein plaintiff alleged that she had sustained personal injuries by reason of defective streets in said city. A verified claim had been filed with the city council of Keokuk, Iowa (a special charter city), and in it the only reference to the time when the accident occurred was: " 'Said fall having occurred in the evening of March 22d.' " The court called attention to the statutory requirement that the statement set out, "the time when and the place where such injury occurred" and held that as the time was not stated the notice of the claim was not sufficient. Therein the court stated that the notice referred to was to be liberally construed.

We held in the case of Neeley v. Incorporated Town of Mapleton, 139 Iowa 582, 584, 117 N.W. 981, that the purpose of the notice is to "convey to the town council prompt information of the time, place, and circumstances of the injury, so that an investigation may be had while the facts are fresh." (Citing Owen v. Fort Dodge, 98 Iowa 281, 286, 67 N.W. 281; Perry v. Clarke County, 120 Iowa 96, 102, 94 N.W. 454; Teegarden v. Caledonia, 50 Wis. 292, 6 N.W. 875.) In the Neeley case there was no signature to the notice at all; still the court held that the notice was good, that the absence of signature to the affidavit was not jurisdictional. See also Pardey v. Town of Mechanicsville, 112 Iowa 68, 83 N.W. 828.

The case of Blackmore v. City of Council Bluffs, 189 Iowa 157, 161, 176 N.W. 369, was to recover for injuries received by a fall upon a defective sidewalk. The defense in part was that the notice of the injury was insufficient because it did not state the time when the injuries occurred. The court dismissed the

petition and it was amended, stating that the injury was received on March 11, 1915. The court held the notice sufficient and this court affirmed. This court stated that the object of the notice was to inform the city of the time, place and circumstances of the injury and thus to enable the city to make an investigation of the time and place of the injury within the sixty-day period. The court cited from Howe v. Sioux County, 180 Iowa 580, 163 N.W. 411, wherein the notice statute was involved and stated its purpose was to enable the officers to investigate, and further that the notice "must specifically state the time of the injury, the place where * * * and the circumstances surrounding the transactions." The court also referred to our holding in Neeley v. Incorporated Town of Mapleton, supra, saying that the tendency of the courts was to construe the statute liberally, provided it is made to appear that the notice given "has accomplished the purpose for which it is required, and that the purpose of the notice is to convey to the town council, within the time limit, information as to the time, place, and circumstances of the injury, so that an investigation may be made while the facts are fresh."

The case of Tredwell v. City of Waterloo, 218 Iowa 243, 245, 251 N.W. 37, was a claim for damages alleged to have been sustained by reason of a street defect. The decisive point was as to the sufficiency of the notice served upon the city advising it of such claim. The court here held that the written notice served upon the city must specify the time, place and circumstances of the injury. The court held that the purpose of the statutory notice is to convey to the municipal officers prompt information of the time, place and circumstances of the injury so that the necessary investigation may be had. Citing Neeley v. Incorporated Town of Mapleton, Blackmore v. City of Council Bluffs and Howe v. Sioux County, all supra.

■ II. Defendant, a special charter city, is a municipal corporation, a creature of statute. Generally speaking its purpose is to promote the public welfare. By statute it is granted various rights and powers—to hold elections, to select its officers; to acquire, hold and dispose of property in the public interests; it has police powers; the right to establish and maintain public

schools; it can sue and be sued; it has the right to lay out and acquire streets, alleys and public ways and can acquire and operate public utilities such as waterworks, electric light plants and other public activities.

Along with the rights conferred by statute it is charged with the duty and responsibility of operating its affairs in the public interest.

Among the duties enjoined upon it is that of keeping its streets and public ways open, and in reasonable repair and free from nuisance. Section 389.12, Code of 1950. Persons injured by reason of the negligence of the municipality are permitted to sue for damages.

Plaintiff's action is based upon injuries sustained by reason of the alleged failure of the defendant to comply with its statutory duty in the care of its sidewalks. Her claim is for personal injuries due to a fall upon an alleged defective sidewalk of said city.

Pursuant to statute and within the time fixed she filed with the clerk of defendant-city a verified claim which she claims is in compliance with section 420.45, Code of 1950. This verified statement is a prerequisite to the bringing of a suit for such alleged damages. Tredwell v. City of Waterloo, Blackmore v. City of Council Bluffs and Luke v. City of Keokuk, all supra.

Section 420.45 contemplates suits for personal injuries; also for property damages resulting from defective streets or sidewalks. Here plaintiff claimed personal injuries. In her verified claim filed with the city clerk of defendant-city, plaintiff specifically sets forth the time, to wit "three o'clock p.m. on February 14, 1951." She likewise designates the place. "I fell on the sidewalk on the west side of Carey Street in the City of Davenport, Iowa at a point between Cambria Court and Charlotte Avenue." She likewise describes the circumstances:

"That according to my best information and belief the cause of the fall and the injuries was the presence of ice and snow on the sidewalk and the accumulation of ice and snow on the sidewalk which had become rough and uneven and the unevenness of the slabs which form the sidewalk.

"That according to my best information and belief the

condition of the sidewalk which was described in paragraph 3 above, including the presence of ice and snow * * * and the unevenness of the sidewalk, was permitted by the negligence of the City of Davenport, Iowa."

Thus we have clearly and concisely set forth the requirements giving the information of the time, place, and circumstances of the injury. Luke v. City of Keokuk, Neeley v. Town of Mapleton and Howe v. Sioux County, all supra. Said verified statement in dealing with plaintiff's injuries stated: "That as a result of said injuries, I have submitted to an operation of my knee and that the extent of my injury is undeterminable at this time and that the extent of the damages which are a consequence of the said fall are also undeterminable."

When we consider the information as to the time, place and circumstances of the injury, and, in addition, the specific nature of plaintiff's then known injuries, we can hardly see wherein the failure of the plaintiff to designate the "amount" would interfere with or mislead defendant in making a prompt investigation of the claim. Such investigation would be brought face to face with plaintiff's statement in her verified claim that at that time the extent of her injury and her consequential damages were unascertainable. It will be noted that in the statute the statement was to be of the "amount, nature, and cause of such injury or damage." When the last quoted part of the statute (420.45) is considered along with the other parts thereof it can readily be inferred that it had minor importance so far as the verified statement was concerned. See Buchmeier v. City of Davenport, 138 Iowa 623, 116 N.W. 695. Its omission could hardly mislead or prevent an investigation of the claim and under the statute such is the real and primary purpose thereof. A careful study of the statute leads us to believe that it is not so clear as to be entirely free from ambiguity.

We have held many times that the notice and verified statement is to be given a liberal interpretation. Tredwell v. City of Waterloo, Buchmeier v. City of Davenport and Bauer v. City of Dubuque, all supra.

We are of the opinion that the holding of this court in the above cited case of Buchmeier v. City of Davenport has

direct application to the instant case. That was a case against the city for injuries claimed to have been sustained by plaintiff falling on a defective sidewalk. A verified claim was filed and in it the time, place and circumstances of the injury were set forth. Plaintiff also claimed $500 by way of damages. A directed verdict against plaintiff was sustained on the ground that the verified statement was insufficient. This court reversed and in doing so used the following language at page 624 of 138 Iowa: "A notice which in fact points out the place of the accident with sufficient definiteness to reasonably enable the officers of the city to investigate the conditions under which it is alleged to have happened sufficiently complies with the purpose of the statute."

In the same case (page 625) the opinion states: "The statutory requirement of notice is to be liberally construed, to the end that parties having meritorious claims shall not be cut off by a mere technicality as to the form of notice to be required." (Citing Schnee v. Dubuque, 122 Iowa 459, 98 N.W. 298; Perry v. Clarke County, 120 Iowa 96, 94 N.W. 454.)

In the cited case (Buchmeier v. Davenport) some reference was made to the point that plaintiff was seeking to recover a sum in excess of the $500 set forth in the statement. The court stated that the point was not before it, and at most the effect of a less sum in the notice than that subsequently claimed would be to limit plaintiff's recovery to the amount named in the notice. The manner in which the court disposed of this item would seem to indicate that the statement of the amount claimed in the notice would not affect the validity of the notice, and that at the most was merely technical and did not go to the true purpose of filing such claim.

In the instant case the plaintiff in her notice designated her injuries, as far as then ascertainable. The injury was of such a nature that the real effects might not be apparent until a period beyond thirty days. Let us assume that there might be an injury resulting in a concussion of the brain, multiple fractures, requiring extended medical treatment—would it be reasonable or even sensible to require the patient to designate within the thirty-day period the "amount" of the damages?

In addition to the foregoing we can proceed upon the

theory that the ultimate question depends upon the meaning and construction to be placed upon that part of the statute "amount, nature, and cause of such injury or damage." This must be con-strued with the other parts of the statute. All parts must be considered. It is fundamental in the construction of statutes that the ultimate object is to determine the real purpose and meaning. A legislative enactment is to be judged from its language and on occasion aid to such construction may be had from its history. 50 Am. Jur., Statutes, section 223 et seq.; McGraw v. Seigel, 221 Iowa 127, 263 N.W. 553, 106 A. L. R. 1035; Cosson v. Brad-shaw, 160. Iowa 296, 141 N.W. 1062, Ann. Cas. 1915D 157. In the construction of statutes in Haskel v. City of Burlington, 30 Iowa 232, 233, we said, "* * * three things are to be considered —the old law, the mischief and the remedy."

In the statute involved herein there are mentioned "injury" and "damage." Some authorities say that the terms are synony-mous. Various text writers so use them. In re City of Pitts-burgh, 243 Pa. 392, 90 A. 329, 52 L. R. A., N. S., 262; Johnson v. Atlantic Coast Line R. Co., 140 N. C. 581, 53 S. E. 362; Colorado Milling & Elevator Co. v. Mitchell, 26 Colo. 284, 58 P. 28. See also Brown v. Salt Lake City, 33 Utah 222, 93 P. 570, 14 L. R. A., N. S., 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004. In the case of Dohring v. Kansas City, 228 Mo. App. 519, 71 S. W. 2d 170, 172, there was a claim for damages for a sidewalk injury. Therein the court discussed the meaning of the terms "injury" and "damage." Under the Missouri statute sixty days notice was required to be given of a claim, stating the place, time, character and circumstances of the injury and stating that damages would be claimed. The court discussed the claim "on account of" as the equivalent to "as a result of" or having "as a basis for"; also the word "any" as being equivalent to "all or every" and the word "injury" meaning "damage."

Other authorities hold that while the two words are at times used synonymously strictly speaking they are not synonymous. Carroll v. Rye Twp., 13 N. D. 458, 101 N.W. 894; City of North Vernon v. Voegler, 103 Ind. 314, 2 N. E. 821; 11 Words and Phrases, pages 24, 25, 26; Seaboard Air-Line Ry. v. Smith, 3

Ga. App. 644, 60 S. E. 353; 1 C. J. S., Actions, section 15, pages 1005–1012.

Many of the authorities, while differing as to the technical differences between the words "injury" and "damage", say that in construction consideration should be given to the particular circumstance appearing. The differences in meaning are shown by citations in Words and Phrases, supra.

The statute under consideration uses · the terms "injury" and "damage." It must be inferred that the enacting body had some purpose in mind in their use. Ordinarily we consider the "injury" as the cause, the "damage" as the result. Damages might refer to personal injuries or to property; both could be included in the same action.

■ Herein plaintiff claimed for physical injuries. She so claimed in paragraphs 1 and 2 of her affidavit. Therein she describes and details her damage so far as could then be ascertained. No "amount of damage" is set forth therein in terms of money. At that time it was not apparent what her damages would be or where they would lead to. She says she did not know. It would be a matter of common knowledge that time and treatment would later reveal something definite. For her to have then set forth her money damages would have taken her into the domain of conjecture or speculation, something not · favored in judicial proceedings. The defendant when so advised could have called for a physical examination to determine the extent of plaintiff's injuries.

When we consider the purpose of the statute and the construction placed thereon as shown in the cases above-cited it seems to us that the term "amount of the injury" could be logically and properly construed to mean the "extent of the injury." The extent of her injury was set forth in detail in the affidavit. We think that such a construction would be entirely harmonious with our holdings and would result in a just and sensible construction. If the term is so construed no specific statement in terms of dollars and cents would be required. Maryon v. City of Atlanta, 149 Ga. 35, 99 S. E. 116.

The defendant would have the right to have a physical examination made of the nature and extent of the injuries for which

action was brought. Plaintiff would be required to establish the same. It is difficult to see why the omission of the amount would prejudice the rights of the defendant.

In defendant's argument attention is called to various decisions of other courts concerning the requirements and effect of notices of claims for damages arising out of claimed negligent acts of such municipalities. We have examined the authorities cited along with others and find that there are conflicts in such decisions, some holding that the statute setting forth things which such notices must show are mandatory and jurisdictional, and others to the effect that such notices are to be liberally construed and should not turn on technicalities. The essence of the holdings seems to be that a notice of said injury must be timely and advise the municipality of the claimed negligence in order to afford opportunity to make a prompt investigation before suit is brought.

Defendant lays especial stress on certain holdings from the courts of Minnesota, which seem to bear out the claim that the amount of compensation must be set forth in the notice and that such is a condition precedent to the bringing of the suit. The cases cited are Bausher v. City of St. Paul, 72 Minn. 539, 75 N.W. 745; Doyle v. City of Duluth, 74 Minn. 157, 76 N.W. 1029; Szroka v. Northwestern Bell Tel. Co., 171 Minn. 57, 213 N.W. 557, 59 A. L. R. 404; Olson v. City of Virginia, 211 Minn. 64, 300 N.W. 42, 136 A. L. R. 1365; Freeman v. City of Minneapolis, 219 Minn. 202, 17 N.W.2d 364. Some of the Minnesota cases above-cited refer to the fact that there was some confusion as to the rule to be applied in that some of them arose by reason of the provisions of the ordinances laid down in special charter cities, which were enacted into general statutes. While the court stated in Olson v. City of Virginia, supra, that the notice of claims made against the city was to be construed liberally in favor of the claimant, yet from an examination of that case and others therein cited we find it difficult to arrive at a like conclusion. To us the holdings of that court on the matter seem to be highly technical and in application prevent trials on the merits of many such claims. In the Olson case a city official was present when the injury took place. Said official called an am-

bulance to take the injured person to the hospital and he then proceeded to investigate and make a report to the city. The injured person, in the notice of claim, made a statement and attached thereto a copy of the report made by the officer. Upon objection the trial court held the notice insufficient in that it failed to state the compensation asked. The supreme court affirmed, holding that the statement of claimed compensation was mandatory. Such a ruling seems to us to be supertechnical in that it prevents the injured person from trying his claim on the merits.

An examination of the authorities from other jurisdictions leads to the conclusion that the rule laid down in the Minnesota cases is the minority rule. We decline to follow it. Without setting out specific authorities we are of the opinion that a majority of the courts do not follow it.

We call attention to the general rule as laid down in McQuillin, Municipal Corporations, section 53.163:

"A reasonable compliance as to the contents, considering the object of the law, is all according to most judicial decisions that should be exacted. * * * Some courts incline to favor a liberal construction of these requirements and will not deny relief when by any reasonable interpretation the notice or statement can be said to be in substantial compliance with the law. And this is the correct view. In passage upon the sufficiency of a notice or statement, its object should not be disregarded and formal rules of construction invoked. It should be remembered that the purpose is to give the proper municipal authorities information which will enable them to ascertain and investigate the facts while the evidence is available and to determine whether liability exists, and, if so, the nature and extent of such liability. While it is true the essential requirements of law must be observed, the better considered cases hold that a claimant is not barred from maintaining his action because his notice or statement was informal or not technically accurate, if the information required by the law could, in substance, be ascertained therefrom, and if such notice or statement was prepared and presented in good faith without any design to deceive."

See also 5 Thompson on Negligence, section 6340, page 803.

We think a careful analysis of cases from other jurisdictions on the question of the sufficiency of a claim for injury shows that the rule is that a city should have timely advice as to the time, place and circumstances of the claimed damaging negligence. We think the holdings of the cases in Iowa and of other states sustain such rule. We are of the opinion that the rule as laid down in Neeley v. Town of Mapleton, Buchmeier v. City of Davenport, Luke v. City of Keokuk, all supra, and Owen v. City of Fort Dodge, 98 Iowa 281, 67 N.W. 281, is the correct one to be followed in this case. Defendant-city was not misled, taken by surprise, suffered no prejudice. Without setting out the cases we are of the opinion that the courts of Alabama, Massachusetts, Rhode Island, Washington, New Hampshire, Kansas, New York, Michigan, West Virginia, and others, generally speaking, sustain a like rule.

We hold that the court erred in sustaining defendant's motion to dismiss.—Reversed and remanded.

THOMPSON, C. J., and GARFIELD, BLISS, WENNERSTRUM, SMITH, HAYS, and OLIVER, JJ., concur.

MULRONEY, J., concurs in result.