ARCHER v. THE CHICAGO, BURLINGTON & QUINCY R'Y CO.

65 611;
101 268
65 611
102 117
65 611
112 71

1. **Statute of Limitations**: NOT ENLARGED BY DISMISSION WITHOUT PREJUDICE. Section 2844 of the Code, providing that an action may be dismissed before final submission, without prejudice to a further action, does not have the effect to enlarge the statute of limitations as to such action.

2. ———: ACTION FOR PERSONAL INJURY: DISMISSION WITHOUT PREJUDICE: CODE, § 2537. Where plaintiff began an action for personal injury in the state court, which defendant had removed to the federal court, and plaintiff then had it dismissed without prejudice, on the ground that he believed that he could not obtain a fair trial in the federal court, *held* that a new action for the same cause, begun more than two years after the cause of action accrued, but less than six months after the first action was dismissed, was barred by section 2529 of the Code, and that section 2537 did not save it.

*Appeal from Polk Circuit Court.*

TUESDAY, APRIL 7.

ON the sixteenth day of December, 1880, the plaintiff was an employe of the defendant as a brakeman, and claims that he was injured because of the negligence of the defendant in the operation of its trains. In September, 1881, he commenced an action in the circuit court to recover the damages sustained by reason of said injury. Upon the application of the defendant, that action was transferred to the federal court, and in October, 1883, the plaintiff dismissed it without prejudice. This action was commenced on the twenty-second day of December, 1883, and, in addition to a statement of the grounds upon which the plaintiff claimed he was entitled to recover, it was stated in the petition that the dismissal of the action in the federal court was not because of any negligence on the part of the plaintiff, but because he "did not believe that he would ever be able to obtain justice and a fair trial to an honest and unbiased jury in said federal court." The grounds upon which such belief was based are stated at length, but need not be repeated here. There was a demur-

rer to the petition, on the ground that the cause of action therein stated was barred by the statute of limitations. It was sustained, and plaintiff appeals.

*Bryan & Bryan*, for appellant.

*Runnells & Walker*, for appellee.

SEEVERS, J.—I.   It is provided by statute that an action may be dismissed, and that such dismissal shall be without

1. STATUTE of limitations: not enlarged by dismission without prejudice.

prejudice to a further action, when the dismissal is before the final submission of the action to the jury, or to the court, when the trial is to the court.   Code, § 2844.   This section does not enlarge or extend the statute of limitations, but simply provides that another action may be brought and maintained, if the original action could have been brought and maintained if commenced at that time.

II.   The cause of action stated in the petition was barred in two years after it accrued, (Code, § 2529,) unless saved by

2. ——: action for personal injury: dismission without prejudice. Code, § 2537.

section 2537 of the Code, which is as follows: "If, after the commencement of an action, the plaintiff fail therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."   As this action was commenced within six months after the action was dismissed in the federal court, the only question to be determined is whether this action is barred by the statute of limitations.

It will be observed that the statute provides that if the plaintiff fails in the action another may be brought.   Is the voluntary dismissal of the action such a failure as is contemplated by the statute?   A voluntary dismissal under compulsion may be.   For instance, it is possible that the plaintiff, without negligence on his part, may not be ready to try the case, and yet be unable to obtain a continuance; and in such

case, if the other party insists on a trial, and the court orders it to proceed, the plaintiff might under such compulsion dismiss his action, and commence a new action, which should be deemed a continuation of the first. But suppose the plaintiff voluntarily dismisses the action for any reason, but not under any compulsion whatever, can it be said that he has failed in the action? How can it be said that he has failed until he has made at least some effort to prepare and try his action? If he fails to prepare his case for trial, and dismisses it for this reason, he is clearly guilty of negligence.

The plaintiff in the case at bar dismissed his action because he believed that he could not obtain a fair trial in the federal court. This is not a traversable fact. It cannot be tried and determined. The demurrer only admits such facts as are well pleaded. Suppose the plaintiff had proceeded to trial in the federal court, and a jury had been impaneled, and the plaintiff then concluded that he could not obtain a fair trial before such jury, and therefore dismissed his action, and then commenced this suit, could the question be determined in this action whether the plaintiff's conclusion at the time he dismissed the former action was well grounded or not? We think not; because what the plaintiff may have believed is entirely immaterial and not traversable. In our opinion, public policy would prevent such an inquiry. We deem it proper to say that it is not alleged that there was any fraud or corruption on the part of the federal court; but because of the existence of matters which, if brought to the attention of the court, could and would have been corrected or punished as a contempt, the plaintiff conceived the belief that a fair trial could not be had in such court. If it be conceded that he was correct, it is simply his misfortune. The case was legally in the federal court for trial, and the defendant had the legal right to have it tried in such court. If the plaintiff can be permitted to say that he believes he cannot have a fair trial in that court, the defendant, with equal propriety, could say that it could not obtain a fair trial in the state court. And

it may well be assumed that the parties, unless compelled by law to do so, would never agree on a tribunal and have the cause tried.

AFFIRMED.