E. E. CEPRLEY, Appellant, v. THE INCORPORATED TOWN OF
PATON, GREENE COUNTY, IOWA

Defective Sidewalk:  SECOND ACTION:  PLEADINGS:  DILIGENCE.  In
a second action for injuries caused by a defective sidewalk,
brought after a voluntary dismissal of the first, which is
barred unless within the exception provided in Code, section
3455, the plaintiff must state facts showing that the dismissal
of the first action was not the result of negligence on his part.
Allegations of the petition considered and held insufficient to
show diligence.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH,
Judge.

THURSDAY, MAY 21, 1903.

ACTION to recover damages for injuries received by
plaintiff by reason of a defective sidewalk.  A demurrer
to the petition on the ground that the action was barred
by the statute of limitations was sustained, and plaintiff
appeals.—*Affirmed.*

*Gallaher & Graham* for appellant.

*J. A. Henderson* and *Perry D. Rose* for appellee.

McCLAIN, J.—It appears from the petition that the
injury complained of was received by plaintiff on the 17th
of November, 1900, and that notice of the commencement
of a suit to recover therefor was served on the defendant
on the 13th day of February, 1901; no written notice
specifying the time and place and circumstances of the
injury having been served upon the defendant within
sixty days, as provided for in Code, section 3447, subdivi-
sion 1.  An action was therefore commenced within three
months from the time of the injury, as required by the

statutory provision just referred to, in case no notice of
the injury is given; but on the trial of the cause, October
30, 1901, the plaintiff, at the close of the testimony, and
for the purpose of avoiding a directed verdict against him,
which the trial judge had intimated he would order, dis-
missed the action, and subsequently, on January 10, 1902,
commenced the present action. As this action, therefore,
was not instituted within the time required by the express
statutory provision applicable to such cases, defendant's
demurrer was rightly sustained, unless the case is within
the exception of Code, section 3455, which provides that
"If, after the commencement of an action, the plaintiff
for any cause, except negligence in its prosecution, fails
therein, and a new one is brought within six months
thereafter, the second shall, for the purposes herein con-
templated, be held a continuation of the first." This
second action was brought within six months after the
plaintiff failed in the first action, and it is for the same
cause of action, and the sole question is whether plaintiff's
failure to recover in the first action was due to negligence
in its prosecution; the burden being on plaintiff to allege
in his petition such diligence in prosecuting the first action
as to bring the case within the provisions of this section.
It is immaterial, in determining this question, whether
plaintiff's dismissal of his first suit was voluntary or in-
voluntary. If involuntary, then the action was determined
against him, and the adjudication is final, so that no sub-
sequent action on the same cause of action can be main-
tained. Code, sections 3764, 3765. If voluntary, then the
plaintiff must still allege facts showing that such dismissal
was without negligence.

Plaintiff, in his second petition, alleged, as facts
showing want of negligence in dismissing the first action,
that near the close of defendant's testimony in that action
defendant offered evidence tending to prove negligence
on the part of plaintiff, in that plaintiff, who attempted

to use the walk in a dangerous place in the dark, was offered the benefit of a light in passing over the sidewalk in question at the time of the injury, and declined such offer, which evidence plaintiff could not have anticipated, and that plaintiff could have contradicted and disproved such testimony by three persons, not named, by whom he could have conclusively shown that the party who the witness stated offered the light to plaintiff was at another and different place at that time, so that it was physically impossible that any such offer could have been made by such person; that these three witnesses were, one of them forty miles distant from the place of trial, and the others about seventeen miles distant, and that it was impossible to have them present at the trial; and that these witnesses were the only ones who knew the fact, so far as plaintiff could ascertain.    Plaintiff further alleges that the last witness for defendant gave testimony tending to prove that plaintiff had stated to him, in a conversation in which others were present, that plaintiff had thought of the danger in crossing the sidewalk before attempting to do so, and had thought of leaving the sidewalk and going into the street, and that plaintiff did not then know who the persons were who were present at such conversation, and could not, therefore, meet such testimony, and that plaintiff can now produce witnesses who were present at the conversation referred to, and by whom he can show that no such conversation was had.

We think the showing of diligence is not sufficient. If the desired witnesses could have been discovered and produced within a reasonable time, and with but slight delay in the trial of the cause, no doubt the trial court would, on application, have granted time to get them. If plaintiff could not have secured these witnesses in time, he should have asked for a continuance. Diligence required that the plaintiff should have endeavored in one of these two

methods, or in any other way open to him, to avoid the necessity of dismissing his action. *Pardey v. Mechanicsville*, 112 Iowa, 68. There is no allegation in the petition in the present case that any effort whatever was made to discover the desired witnesses or secure them, nor are any facts alleged which show that it was impossible to do so.

It seems to us that this disposes of the whole case, and the action of the trial court in sustaining defendant's demurrer and rendering judgment against the plaintiff is AFFIRMED.