**Verna ALDEN, As Executor of the Estate of William Alden, Deceased, and Tom Riley Law Firm, P.C., Plaintiffs,**

v.

**IOWA DISTRICT COURT In and For DELAWARE COUNTY, Defendant.**

**Verna ALDEN, As Executor of the Estate of William Alden, Deceased, Cross–Appellee,**

v.

**GENIE INDUSTRIES, Cross–Appellant,**

and

**Richard Justice, Defendant.**

No. 90–1187.

Supreme Court of Iowa.

Jan. 22, 1992.

Gregory M. Lederer of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for cross-appellant Genie Industries.

Tom Riley, Gerald J. Kucera, and T. Todd Becker of Tom Riley Law Firm, P.C., Cedar Rapids, for plaintiff-cross-appellee Verna Alden.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

Verna Alden (Alden), executor of William Alden's estate, and her attorneys were sanctioned by the district court, on the application of defendant Genie Industries,

for voluntarily dismissing their wrongful death suit with the intent to refile it. Alden and her attorney challenged the sanctions through a certiorari action in this court, and Genie appealed on the ground that the court's sanctions should have been more severe.[1] We sustain the writ of certiorari and dismiss the appeal.

William Alden, the plaintiffs' decedent, was killed when a manlift manufactured by Genie Industries collapsed. His estate sued Genie, on several theories of product liability, and sued William's supervisor, Richard Justice, on the theory of gross negligence of a coemployee. *See* Iowa Code § 85.20 (1987). Justice moved for summary judgment, which was granted, and Alden applied to this court for an interlocutory appeal. Simultaneously, Alden applied for a stay of the remaining district court proceedings against Genie. We granted the interlocutory appeal but denied the stay. The estate's application in district court for a continuance of the trial was denied, and the case stood for trial, as previously ordered, on February 14, 1990. On February 9, 1990, the day the stay was denied by this court, Alden dismissed her suit against Genie, without prejudice, under Iowa Rule of Civil Procedure 215.

On March 12, 1990, Genie filed an application for sanctions, Iowa R.Civ.P. 80(a), against Alden and her attorneys, The Tom Riley Law Firm, P.C. The voluntary dismissal, it contended, was filed solely to delay the trial of the case. Genie did not claim that the *refiling* of the suit was the improper act—only the dismissal. In fact, the application for sanctions was filed *before* the plaintiff refiled her wrongful death action.

The district court's sanctions included a $500 penalty each against the plaintiff and her law firm, and a restriction on the scope of evidence that would be admitted in the trial of the refiled lawsuit. This certiorari action and Genie's appeal followed. We will refer to the certiorari plaintiffs collec-

---

1. By prior orders of this court, the certiorari case and the appeal were consolidated. The certiorari plaintiffs were ordered to be designat- ed as appellants and defendant Genie Industries as cross-appellant.

tively as Alden, although the plaintiff's law firm is also a party.

At the time Alden dismissed her case under Iowa Rule of Civil Procedure 215, that rule provided:

> A party may, without order of court, dismiss that party's own petition ... at any time before the trial has begun.[2]

Rule of civil procedure 80(a) provides in part that:

> Counsel's signature to every motion, pleading, *or other paper* shall be deemed a certificate that: Counsel has read the motion, pleading, or other paper; that to the best of Counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation.... If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

(Emphasis added.) Substantially the same language is incorporated in Iowa Code section 619.19; however, the sanctions in this case were based solely on rule 80(a), and we limit our discussion to that rule.

■ A district court has broad discretion in applying rule 80(a). *Weigel v. Weigel*, 467 N.W.2d 277, 280 (Iowa 1991); *Mathias v. Glandon*, 448 N.W.2d 443, 445 (Iowa 1989). We will, of course, not defer to erroneous applications of law. *Weigel*, 467 N.W.2d at 280. *See generally Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384,

——, 110 S.Ct. 2447, 2459, 110 L.Ed.2d 359, 380 (1990).

■ Alden does not challenge the district court's conclusion that a voluntary dismissal under rule 215 is an "other paper" for sanction purposes under rule 80(a). She argues only that the voluntary dismissal was not filed for an improper purpose. Genie, on the other hand, does not contend that a voluntary dismissal that causes a delay in the case is necessarily sanctionable under rule 80(a). But, it argues, this dismissal with the intent to refile flew in the face of the trial court's order denying a continuance and this court's order denying a stay.

Alden concedes that the voluntary dismissal was filed to delay the trial against Genie, but she argues that it was not improper under rule 80(a). Alden's concern was that she would have to conduct two separate trials. In the trial against Genie, if Justice were not a party, Alden would have to contend with an "empty chair" argument by Genie assigning all blame to the absent defendant, Justice.

As the litigation unfolded, the specter of two separate trials became a reality. We reversed the summary judgment in favor of Justice and remanded for further proceedings. *Alden v. Genie Indus.*, 475 N.W.2d 1, 3 (Iowa 1991).

Rule 80(a) provides sanctions for actions causing "unnecessary" delay; however, it is clear from the rule that not all delay will result in sanctions. At the time the Genie suit was voluntarily dismissed, Alden had only two choices: (1) file the voluntary dismissal and refile the case to permit simultaneous trials against the manufacturer and the coemployee, or (2) try the case twice. While a district court has broad discretion in ruling on sanction applications, *Weigel*, 467 N.W.2d at 279, we believe it was improper here as a matter of law to impose sanctions for selecting the first alternative. As Alden points out, it might well be considered malpractice for a plaintiff's attorney to allow the first suit to

---

**2.** Rule 215 has since been amended to allow an unqualified dismissal without prejudice only up to ten days before trial. Thereafter, any dismis-

sal will be with prejudice unless the court orders otherwise. This amendment is inapplicable to this case.

proceed to trial and permit Genie to shift the blame to the "empty chair" and then try the suit again against the coemployee. At the very least, it would be an extravagant use of court resources to try the case twice.

In retrospect, we probably should have granted Alden's request for a stay when we granted the interlocutory appeal in the Justice case. That, in fact, is the standard procedure. *See* Iowa R.App.P. 2(b) ("The order granting such appeal may be on terms advancing it for prompt submission. *It shall stay further proceedings below and may require bond."* (Emphasis added.)).

We conclude that the delay caused by Alden's voluntary dismissal was not an "unnecessary" delay within the meaning of our rule 80(a). Such dismissals are expressly provided for by rule 215, and the dismissal here was reasonably aimed at preventing duplicative trials. Because we conclude that no sanctions should have been imposed, Genie's "cross-appeal" seeking more severe sanctions is moot. We therefore dismiss it.

WRIT SUSTAINED; CROSS–APPEAL DISMISSED.