MEMORANDUM AND ORDER

GUNN, District Judge.
This matter is before the Court on defendants’ motion for summary judgment on plaintiffs’ first amended complaint on the ground of the statute of limitations. As this Court ruled in its order dated December 15, 1993, 840 F.Supp. 90, this personal injury action is governed by Iowa’s two-year statute of limitations, Iowa Code § 614.1(2), as well as Iowa’s savings statute, Iowa Code § 614-10.
The savings statute provides that “[i]f after commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes [of the statue of limitations], be held a continuation of the first.”
The record establishes the following. This action was initiated in state court within the two-year limitations period. After the two years had run, a hearing was held on defendants’ motion to dismiss the complaint for failure to state a claim. The court stated that it was inclined to grant the motion, but would review the briefs again before issuing an order. Plaintiffs thereupon decided to voluntarily dismiss the action without prejudice. Within six months of the voluntary dismissal, plaintiffs refiled the action in state *1405 court, from where it was removed to this Court.
Clearly the dismissal of the first action was not the result of negligence on plaintiffs’ part. The question then is whether under Iowa law, a voluntary dismissal without prejudice, following the court’s indication that it would grant defendants’ motion to dismiss the action for failure to state a claim, constitutes a “failure” of plaintiffs’ action for purposes of the savings statute.
The Iowa courts have not addressed this specific question. Upon review of the cases cited by the parties and other eases applying § 614.10, the Court concludes that the Iowa Supreme Court would hold that the state’s savings statute does not apply in the present situation.
Unlike the savings provisions of some other states, see, e.g., Ill.Rev.Stat. ch. 110, par. 13-217; Tenn.Code Ann. § 28-1-105, Iowa’s savings provision does not specifically state that the provision applies following a voluntary dismissal. An early ease of the Iowa Supreme Court, Archer v. Chicago, B. & Q. Ry. Co., 65 Iowa 611, 22 N.W. 894 (1885), however, indicates that under certain circumstances the statute may apply following such a dismissal.
A voluntary dismissal under compulsion may be [a failure as is contemplated by the statute]. For instance, it is possible that the plaintiff may not be ready to try the ease without negligence on his part, and yet is unable to obtain a continuance, and in such ease, if the other party insists on a trial and the court should order it to proceed, the plaintiff might under such compulsion dismiss his action and commence a new action, which would be deemed a continuation of the first. But suppose the plaintiff voluntarily dismisses the action, for any reason, but not under any compulsion whatever, can it be said that he has failed in the action?
Id., 22 N.W. at 894-95 (§ 614.10 did not apply where plaintiff voluntarily dismissed his action because he believed he could not obtain a fair trial in federal court).
Here, clearly, plaintiffs were under no compulsion to dismiss their timely-filed action. The course open to them was to await the court’s ruling and to appeal it if in fact the court granted defendants’ motion to dismiss. Plaintiffs’ argument that they were “compelled” to dismiss their action because the court was going to rule against them, reinforces this Court’s conclusion that the savings statute does not apply. The statute should not be interpreted in such a manner as to encourage judge-shopping. See Koch v. Shell Oil Co., 815 F.Supp. 1434, 1437 n. 6 (D.Kan.1993) (dictum with regard to Kansas’s savings statute).
The Court would be somewhat reluctant to rely solely on a case from 1885 in predicting how the Iowa Supreme Court would rule today,[1] if that case were incongruous with a modem trend. There is, however, no contrary authority in Iowa, and on the more general question of voluntary dismissals for whatever reason, there is authority on both sides. Compare, e.g., Crawford v. Hatcher, 804 F.Supp. 834 (S.D.Va.1992) (voluntary dismissal takes case out of protection of West Virginia’s savings statute) and Kohlman v. Finkelstein, 509 N.E.2d 228 (Ind.Ct.App.1987) (same as to Indiana law) with Frysinger v. Leech, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987) (voluntary dismissal constitutes “failure otherwise than upon the merits” under Ohio’s savings statute).
In sum, the Court believes that the Iowa Supreme Court would follow Archer v. Chicago, B. & Q. Ry. Co. in considering the question at hand, and would conclude that plaintiffs were not under a compulsion to voluntarily dismiss their timely-filed action. Thus, the Court concludes that plaintiffs may not take advantage of § 614.10 and that this action is time-barred.
Accordingly,
IT IS HEREBY ORDERED defendants’ motion for summary judgment on plaintiffs’ first amended complaint is granted.
*1406 IT IS FURTHER ORDERED that all other pending motions are denied as moot.

. The Court notes that in Beilke v. Droz, 675 F.2d 194 (8th Cir.1982), the Eighth Circuit certified a different question under the Iowa savings statute to the Iowa Supreme Court because the precise question before the federal court had not been yet been ruled on by the state courts.