William DAVIS and Regina Davis, Appellants,

v.

LIBERTY MUTUAL INSURANCE CO. and Gina M. Benzshawel, Appellees.

No. 94–2474.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1994.

Decided June 6, 1995.

Ronald R. McMillin, Jefferson City, MO, argued (Kenneth C. Broston, on the brief), for appellants.

Mark G. Arnold, St. Louis, MO, argued, for appellees.

Before MAGILL and BEAM, Circuit Judges and PIERSOL,* District Judge.

PIERSOL, District Judge.

William and Regina Davis appeal the district court's grant of summary judgment to Liberty Mutual Insurance Company and Gina M. Benzshawel on the grounds that Plaintiffs' complaint is time-barred under Iowa's two-year statute of limitations, Iowa Code § 614.1(2), and Iowa's savings statute, Iowa Code § 614.10. For the reasons stated below, we reverse and remand.

* The Honorable Lawrence L. Piersol, United States District Judge for the District of South

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff William Davis, a truck driver and Missouri resident, was injured in Iowa on January 20, 1989, in the course of his employment. Liberty Mutual provided workers' compensation insurance for Davis' employer and ultimately handled the claim through their Des Moines, Iowa, office. Benzshawel, a recent college graduate with no previous experience, was employed by Liberty Mutual as a claims adjuster beginning on July 1, 1989. Within the first two weeks of her employment, Benzshawel canceled surgery scheduled to be performed on Davis by a previously approved orthopedic specialist and sent Davis for a second, independent medical evaluation by David A. Tillema, M.D. Based on that second examination, Benzshawel ordered Davis to return to work and authorized Tillema to be the sole treating physician. Because Benzshawel failed to inform Tillema of this designation, Tillema refused to treat Davis after October, 1989. On December 4, 1989, Davis collapsed in his driveway and suffers from quadraparesis and numerous other ailments.

On May 15, 1991, Plaintiffs filed suit in Missouri state court against Liberty Mutual, Benzshawel, Tillema, and Rockhill Orthopedic, Inc., alleging interference with a business relationship, bad faith, malpractice and loss of consortium.

On December 21, 1991, Plaintiffs filed a voluntary dismissal of their claims against Liberty Mutual and Benzshawel immediately after a hearing in which the judge indicated he was inclined to grant Liberty Mutual and Benzshawel's Motion to Dismiss. Plaintiffs proceeded to settle their claims against Tillema and Rockhill Orthopedic.

On June 4, 1992, Plaintiffs refiled their complaint against Liberty Mutual and Benzshawel in Missouri state court alleging bad faith, misrepresentation, interference with a business relationship and loss of consortium. Defendants removed the action to federal court. In separate opinions, the District Court first held that Missouri's borrowing

Dakota, sitting by designation.

statute required the taking of Iowa's savings statute along with the applicable statute of limitations and, second, granted Defendants' Motion for Summary Judgment holding that, under Iowa law, a voluntary dismissal without prejudice would not permit the savings statute to operate. Plaintiffs then filed the instant appeal.

## IOWA'S SAVING STATUTE

■ At issue in this case is whether the cause of action is saved by Iowa's savings statute when the complaint is voluntarily dismissed and refiled within the time allowed. The Davis's argue that, pursuant to Iowa's savings statute, the voluntary dismissal of their first complaint is not "negligence in its prosecution" and, therefore, is a "failure" permitting application of the statute. Iowa Code § 614.10. The District Court found, "Clearly the dismissal of the first action was not the result of negligence on plaintiffs' part." However, the court further held that Davis' voluntary dismissal to avoid the granting of a motion to dismiss was not a dismissal under any "compulsion"[1] and, therefore, did not constitute a "failure" which would allow the statute to operate. We review the court's finding of no negligence under the clearly erroneous standard. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 402, 110 S.Ct. 2447, 2459, 110 L.Ed.2d 359 (1990); *Peterson v. United States,* 673 F.2d 237, 242 (8th Cir.1982). We review the application of Iowa Code § 614.10 *de novo. Merryman v. Iowa Beef Processors, Inc.,* 978 F.2d 443, 445 (8th Cir.1992); *Chrysler Credit Corp. v. Cathey,* 977 F.2d 447, 448 (8th Cir.1992).

Although the parties agree that Iowa law applies in this instance, we begin our analysis with Missouri procedural law as diversity cases are governed by the choice of law rules of the state in which they sit. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Nesladek v. Ford Motor Co.,* 46 F.3d 734, 736 (8th Cir.1995)

("Federal courts sitting in diversity apply the forum state's conflict of laws rules.").

■ Missouri's borrowing statute adopts the statute of limitation of the forum in which a cause of action originates. Mo.Rev.Stat. § 516.190.[2] Iowa's savings statute is taken along with the statute of limitation because of the "generally accepted rule that when borrowing the statute of limitations of a foreign state, the applicable tolling provision of that state is borrowed as well." *Thompson v. Crawford,* 833 S.W.2d 868, 872 (Mo.1992). *Thompson* also requires that:

> When [a statute of limitation] is so borrowed, it is not wrenched bodily out of its own setting, but taken along with it are the correct decisions of its own state which interpret and apply it, and the companion statutes which limit and restrict its operation.

*Thompson,* 833 S.W.2d at 872 (quoting *Devine v. Rook,* 314 S.W.2d 932, 935 (Mo.App. 1958). Consequently, Iowa's case law interpreting the statute of limitation is "borrowed" as well.

Iowa's savings statute provides: "If ... an action ... [fails] for any cause except negligence in its prosecution ... the second [action] shall ... be held a continuation of the first." Iowa Code § 614.10. By the plain language of the statute, an action is saved unless the plaintiff is chargeable with negligence in the prosecution of his case. Iowa case law has attempted to define "negligence in its prosecution" in order to determine whether the voluntary dismissal of a suit constitutes negligence in prosecution which will bar application of the savings statute.

A survey of Iowa case law discussing § 614.10 clearly shows that the savings statute will not be applied if a plaintiff does not exercise due diligence in preparing a case. *Ryan v. Phoenix Ins. Co.,* 204 Iowa 655, 215 N.W. 749, 751 (1927); *Ceprley v. Town of Paton,* 120 Iowa 559, 95 N.W. 179, 180 (1903);

---

1. The District Court relied on dicta in *Archer v. Chicago, B. & Q.R. Co.* to require that a voluntary dismissal be taken under some compulsion to so dismiss. 65 Iowa 611, 22 N.W. 894, 894 (1885).

2. Missouri's borrowing statute reads:

> Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state. Mo.Rev.Stat. § 516.190.

*Archer v. Chicago, B. & Q.R. Co.*, 65 Iowa 611, 22 N.W. 894, 894–95 (1885). That same requirement of diligence is found in Iowa's Rule 215.1 concerning involuntary dismissal for failure to prosecute. *See, i.e., Tiffany v. Brenton State Bank of Jefferson*, 508 N.W.2d 87, 90 (Iowa 1993).

A second principle which comes from reviewing the case law concerning § 614.10 is that compulsion in a voluntary dismissal was never uniformly required if the savings statute was to operate. *Compare Weisz v. Moore*, 222 Iowa 492, 265 N.W. 606, 606 (1936); *Pardey v. Town of Mechanicsville*, 112 Iowa 68, 83 N.W. 828, 829 (1900); and *Archer*, 22 N.W. at 894–95 *with Central Constr. Co. v. Klingensmith*, 256 Iowa 364, 127 N.W.2d 654, 657 (1964); *Ryan*, 215 N.W. at 751; and *Ceprley*, 95 N.W. at 179. Compulsion has not even been at issue in recent decisions involving the savings statute. In fact, the requirement that a plaintiff be under some compulsion to dismiss seems to have been abandoned after *Weisz*, 265 N.W. at 606. *See Klingensmith*, 127 N.W.2d at 657 (characterizing Rule 215.1, Iowa's rule regarding involuntary dismissal for failure to prosecute, as providing remedies for the same "negligence in its prosecution" that bars application of the savings statute); *Wilson v. Wright*, 189 N.W.2d 531 (Iowa 1971) (giving little guidance regarding what constitutes "negligence in its prosecution," primarily discussing the reasonableness of an attorney's interpretation of a recent change in the filing law); *Tull v. Honda Research & Dev. Ltd.*, 469 N.W.2d 683 (Iowa 1991) (permitting operation of the savings statute when the motion to dismiss resulted from settlement with other defendants).

A final consideration in defining "negligence in its prosecution" for application of the savings statute must be that Iowa's rules regarding dismissal are to be liberally ap-

plied. First, as Iowa's Court of Appeals stated with regard to Rule 215.1, Iowa's rule requiring dismissal for failure to prosecute:

> The Iowa Supreme Court has consistently held that the rules of civil procedure governing the procedures by which a court may dismiss pending litigation are to be liberally construed and applied to the end that meritorious trials may be had.

*Schmidt v. Board of Appeals*, 403 N.W.2d 797, 799 (Iowa 1987). Second, under Iowa law, voluntary dismissal is an absolute right. *Venard v. Winter*, 524 N.W.2d 163, 167 (Iowa 1994).[3] Third, case law demonstrates that the Iowa Supreme Court at least tolerates, and perhaps even encourages, refiling. *Id.*; *Alden v. Iowa Dist. Court*, 479 N.W.2d 318, 318 (Iowa 1992) (permitting refiling after voluntary dismissal to avoid trying separate lawsuits against each defendant); *Dull v. Iowa Dist. Court*, 465 N.W.2d 296, 298 (Iowa 1990) (permitting operation of the savings statute when suit not dismissed for an improper purpose); *Sorensen v. Shaklee Corp.*, 461 N.W.2d 324, 325 (Iowa 1990) (permitting voluntary dismissal while summary judgment motion was pending and suit had been immediately refiled in federal court).

The District Court specifically found that Plaintiffs were not negligent and nothing has been presented to convince this Court that such a finding was clearly erroneous. Plaintiffs exercised due diligence in prosecuting their case. The amended complaint was timely filed under Iowa's savings statute. Plaintiffs demonstrated no pattern of delay, *Tiffany*, 508 N.W.2d at 90, nor were they guilty of gross neglect or willful procrastination. *Holland Bros. Constr. Co. v. Iowa Dept. of Transportation*, 434 N.W.2d 902, 904 (Iowa 1988).

In the words of plaintiffs' counsel, the voluntary dismissal was "a conscious, reasoned

---

**3.** *See Witt Mechanical Contractors, Inc. v. United Brotherhood of Carpenters*, 237 N.W.2d 450, 451 (Iowa 1976) ("It is well settled a plaintiff has an absolute right to dismiss his cause of action...."); *Ryan*, 215 N.W. at 750 ("The right of the plaintiff to dismiss his cause of action ... is absolute."). Rule 215 states, in pertinent part:

> A party may, without order of court, dismiss that party's own petition ... at any time up until ten days before the trial is scheduled to

begin.... A dismissal under this rule shall be without prejudice, unless otherwise stated; but if made by any party who has previously dismissed an action against the same defendant, in any court ... including or based on the same cause, such dismissal shall operate as an adjudication against that party on the merits, unless otherwise ordered by the court, in the interests of justice.

Iowa R.Civ.P. 215 (1994).

and reasonable decision based on our best legal judgment under the circumstances." The dismissal was based in part on counsel's determination that Missouri's procedures regarding voluntary dismissal would be applied by the Missouri court. Such a determination is reasonable under traditional choice of law principles. *Nesladek,* 46 F.3d at 736 ("If the law is procedural, then we apply the law of the forum state."); *Riske v. Truck Ins. Exchange,* 541 F.2d 768, 771 (8th Cir.1976) ("[A] procedural issue ... is governed by the law of the forum...."). More importantly, Iowa has previously upheld an attorney's reasonable interpretation of a statute when applying the savings statute. *Wilson,* 189 N.W.2d at 531.

The affidavit of Plaintiffs' attorneys shows that another reason behind Plaintiffs' dismissal was to facilitate settlement with two of the defendants in the original suit. The Iowa Court has voiced its desire to encourage such settlements. *Tull,* 469 N.W.2d at 687. In addition, Plaintiffs' decision to dismiss their suit and refile rather than take an appeal is the type of strategic decision approved by the Iowa Court in *Alden,* 479 N.W.2d at 321.

Finally, the record shows that Plaintiffs dismissed their first suit immediately after the Missouri court indicated it would grant a defense motion to dismiss for failure to state a claim. The Iowa Court permitted just such a voluntary dismissal in order to defeat a motion for summary judgment in *Venard,* 524 N.W.2d at 168. Although Defendants argue that such a move is indicative of forum shopping and violative of Iowa's public policy, the Iowa Court had no comment when filings were made in different forums in *Sorensen,* 461 N.W.2d at 324. Furthermore, Iowa has also stated, "From certiorari plaintiffs' point of view, this [dismissal and refiling] may have been a dirty trick, but we think it falls within the rules of procedure." *Dull,* 465 N.W.2d at 298.

For all of these reasons, we find that Plaintiffs were not negligent in the prosecution of their case, that Plaintiffs' case "failed" because it was voluntarily dismissed, and that voluntary dismissal is an absolute right under Iowa law. Therefore, Plaintiffs dismissal is the type of "failure" which permits

application of the § 614.19, and their cause of action is saved.

Accordingly, the judgment is reversed and remanded.