FILED

United States Court of Appeals
Tenth Circuit

November 13, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

WILLIAM O. DALE; A. JAMES
STREELMAN,

        Plaintiffs - Appellants.

v.

EQUINE SPORTS MEDICINE &
SURGERY RACE HORSE
SERVICE, PLLC; DR. BOYD
CLEMENT,

        Defendants - Appellees.

No. 19-2191
(D.C. No. 1:18-CV-00967-WJ-JHR)
(D. N.M.)

_____

ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO**, and **BACHARACH**,
Circuit Judges.
_____

This appeal involves the timeliness of a suit for veterinary

malpractice, gross negligence, and violation of the New Mexico Unfair

Trade Practice Act. The district court granted summary judgment to the

defendants, concluding that the suit was time-barred. We agree.

_____

[*]    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**1.    The plaintiffs timely sued twice and voluntarily dismissed both suits within the four-year period of limitations.**

The plaintiffs learned in September 2014 that they had a potential claim, and the limitations period is four years. N.M. Stat. Ann. § 37-1-4. So the limitations period would ordinarily expire in September 2018.

The plaintiffs began two suits by September 2018 and a third suit in October 2018. This appeal involves the third suit.

The first suit began in October 2015 in a Texas federal district court. Roughly seven months after beginning this suit, the plaintiffs moved for voluntary dismissal without prejudice. But the district court denied the motion, ultimately prompting the plaintiffs to appeal.

While the first suit was being litigated in Texas federal court, the plaintiffs began a second suit (August 2016) in New Mexico's federal district court. But the plaintiffs voluntarily dismissed the second suit roughly five months later.

Following dismissal of the second suit, the Fifth Circuit Court of Appeals reversed in the first suit, concluding that the Texas federal court should have allowed the dismissal to be without prejudice. On remand, the district court dismissed the first suit without prejudice. But by then, more than four years had passed since the plaintiffs learned of the basis for suing.

**2.     The plaintiffs began a third suit and argue that it was timely under a saving statute and the doctrine of equitable tolling.**

After dismissing their first suit without prejudice, the plaintiffs began a third suit in New Mexico's federal district court. The plaintiffs argue that the third suit was timely under New Mexico's saving statute and the doctrine of equitable tolling.

A saving statute and equitable tolling operate differently. When a saving statute applies, the plaintiff can obtain extra time to refile an action that had failed for specified reasons. William D. Ferguson, *The Statutes of Limitation Saving Statutes* 1 (1978).[1] When equitable tolling applies, it suspends the limitations period because timely filing was impossible due to circumstances beyond a plaintiff's control. *Slusser v. Vantage Builders, Inc.*, 306 P.3d 524, 528 (N.M. Ct. App. 2013).

---

[1]     Professor Ferguson explains:

> Essentially, the saving statutes provide that where a party has timely commenced an action which fails for some reason not related to the merits of the action, another action for the same cause may be brought within a limited period following dismissal of the first action and the initial statute of limitations will not be a bar to the second action if it is within the scope of the saving statute.

William D. Ferguson, *The Statutes of Limitation Saving Statutes* 1 (1978).

3

**3.** **We engage in de novo review, applying New Mexico law on issues involving the limitations period.**

The federal district court in New Mexico held that the state's saving statute does not apply and awarded summary judgment to the defendants. We engage in de novo review, viewing the evidence in the light most favorable to the plaintiffs. *Zahourek Sys., Inc. v. Balanced Body Univ., LLC*, 965 F.3d 1141, 1143 (10th Cir. 2020). Though we view the evidence favorably to the plaintiffs, the relevant historical facts are undisputed. Under these facts, the third suit was untimely.

**A.** **We apply New Mexico law.**

In considering the relevant historical facts, we examine the forum state's laws and case law on the limitations period, the saving statute, and tolling. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). The forum state here is New Mexico, so we apply New Mexico's statutes and case law involving the limitations period. Because of the primacy of state law, we predict how the New Mexico Supreme Court would decide the issues. *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1295 (10th Cir. 2017).

**B.** **The third suit would be untimely unless the plaintiffs could benefit from the saving statute or equitable tolling.**

Without the applicability of the saving statute or equitable tolling, the third suit would be untimely because (1) the district court concluded that a four-year limitations period applies, *see* N.M. Stat. Ann. § 37-1-4,

4

(2) the plaintiffs do not argue to the contrary, and (3) the plaintiffs began the third suit on October 18, 2018. So the third suit would ordinarily be timely only if the limitations period had started to run on or after October 18, 2014. But the plaintiffs discovered the grounds for all of their claims in September 2014.[2] So the third suit would be timely only if the plaintiffs could benefit from the state's saving statute or equitable tolling.

### C. New Mexico's saving statute did not apply to the voluntary dismissal of the first suit.

The plaintiffs invoke New Mexico's saving statute, pointing out that they began the first suit in October 2015 (only about thirteen months after learning of the potential claim). But the plaintiffs ultimately decided to

- voluntarily dismiss that suit and

- begin a third suit in New Mexico's federal district court more than four years after learning of the potential claim.



| Plaintiffs discovered their claims | First suit filed | Second suit filed | Four-year limitations period expired | Voluntarily dismissed first suit; third suit filed |
|---|---|---|---|---|
| Sept. 2014 | Oct. 2015 | Aug. 2016 | Sept. 2018 | Oct. 2018 |

Though the limitations period would have ordinarily expired, the plaintiffs argue that their third suit is timely under New Mexico's saving

---

[2] The plaintiffs have said that the limitations period began running no earlier than September 2, 2014, but they have never suggested a later date.

statute. In addressing this argument, we consider whether a voluntary dismissal would trigger New Mexico's saving statute.

States vary on whether to apply a saving statute to voluntary dismissals of an earlier suit. *See* William D. Ferguson, *The Statutes of Limitation Saving Statutes* 313 (1978); *see also Furnald v. Hughes*, 804 N.W.2d 273, 276 (Iowa 2011) ("Whether a voluntary dismissal at the request of the plaintiff is the kind of failure that allows the plaintiff to bring a new action within the period of time specified by a saving statute is a subject of controversy."). The key is the wording of the saving statute. *See Furnald*, 804 N.W.2d at 276 ("The answer [as to the applicability of the saving statute to a voluntary dismissal] depends upon the particular wording of the applicable saving[] statute and the judicial gloss placed upon those words.").

New Mexico's saving statute provides: "If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."[3] N.M. Stat. Ann. § 37-1-14. To determine

---

[3]   The plaintiffs began three suits against the same parties, alleging the same wrongdoing. The plaintiffs argue that the dismissal of the first suit triggered New Mexico's saving statute. If this statute had been triggered, it would render "the second suit" to be "a continuation of the first." N.M. Stat. Ann. § 37-1-14. But the plaintiffs had voluntarily dismissed the second suit more than 21 months before they sued. So the plaintiffs argue

whether this saving statute is triggered by a voluntary dismissal, we must consider the statutory language and purpose. *See State v. Benally*, 368 P.3d 403, 405 (N.M. 2016) (providing that interpretation of state statutes requires consideration of the text and the statutory purpose).

The statutory language refers to an action that fails "for any cause." When a suit is dismissed voluntarily, has the plaintiff "failed therein for any cause?" Some might legitimately say that the suit hasn't failed at all if it's voluntarily dismissed; others might legitimately counter that a suit "fails" if it's ultimately dismissed, no matter the reason. So the statutory wording doesn't yield a decisive answer.

When New Mexico law does not provide an answer, New Mexico courts consider other jurisdictions for guidance. *Gandydancer, LLC v. Rock House CGM, LLC*, 453 P.3d 434, 444 (N.M. 2019). In looking to other jurisdictions for guidance, New Mexico courts typically focus on other jurisdictions with similar statutory language. *Id.*; *see* pp. 10–11, below.

Only two other states (Iowa and Indiana) use similar language, referring to the failure of a suit for any cause other than negligent prosecution. Iowa's saving statute uses almost identical wording: "If, after

---

that the saving statute operates to save the third suit, not the second one. In their briefs, the defendants have not questioned the applicability of the saving statute to a third suit; so we need not address whether New Mexico's saving statute can render a third suit a continuation of the first one.

7

the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall be held a continuation of the first." Iowa Code Ann. § 614.10. And Indiana's saving statute says that it's triggered if "the plaintiff fails in the action from any cause except negligence in the prosecution of the action." Ind. Code Ann. § 34-11-8-1(a)(1) (West 2020).

Interpreting Iowa's almost identical wording, the Iowa Supreme Court concluded that a voluntary dismissal doesn't trigger the saving statute because the suit hasn't "failed" because of a practical inability to pursue the claim. *Furnald v. Hughes*, 804 N.W.2d 273, 282 (Iowa 2011).[4] Indiana's similar language has also led to a similar interpretation. Interpreting that state's reference to the failure of an action, the Indiana Court of Appeals concluded that "[a] properly initiated action that is voluntarily dismissed is not deemed a 'failure' within the meaning of the statute." *Kohlman v. Finkelstein*, 509 N.E.2d 228, 232 (Ind. Ct. App. 1987).

---

[4]     In reaching this conclusion, Iowa Supreme Court rejected the interpretation of an opinion that the plaintiffs invoke: *Davis v. Liberty Mut. Ins.*, 55 F.3d 1365 (8th Cir. 1995). In *Davis*, the Eighth Circuit concluded that Iowa's statute would save a voluntarily dismissed action. 55 F.3d at 1369. The Iowa Supreme Court rejected that conclusion. *Furnald*, 804 N.W.2d at 282.

8

The saving statutes in five other states refer to the failure of a suit: Ohio, Kansas, Utah, Wyoming, and Oklahoma. Ohio Rev. Code Ann. § 2305.19(A) (West 2020); Kan. Stat. Ann. § 60-518 (West 2020); Utah Code Ann. § 78B-2-111(1) (West 2020); Wyo. Stat. Ann. § 1-3-118 (West 2020); Okla. Stat. Ann. tit. 12, § 100 (West 2020). But those statutes don't refer to negligent prosecution; they instead refer more broadly to the failure of any suit other than on the merits. Ohio Rev. Code Ann. § 2305.19(A) (saving statute triggered when "the plaintiff fails otherwise than upon the merits"); Utah Code Ann. § 78B-2-111(1) (West 2020) (saving statute triggered "if the plaintiff fails in the action or upon a cause of action otherwise than upon the merits"); Kan. Stat. Ann. § 60-518 (West 2020) (saving statute triggered when "the plaintiff fail in such action otherwise than upon the merits"); Wyo. Stat. Ann. § 1-3-118 (West 2020) (saving statute triggered "if the plaintiff fails otherwise than upon the merits"); Okla. Stat. Ann. tit. 12, § 100 (West 2020) (saving statute triggered "if the plaintiff fail in such action otherwise than upon the merits"). In each of those states to consider the issue, courts have characterized voluntary dismissal as a failure other than on the merits, triggering the saving statutes. *Frysinger v. Leech*, 512 N.E.2d 337, 342 (Ohio 1987); *Taylor v. Int'l Union of Electronic, Elec., Salaried, Mach. & Furniture Workers*, 968 P.2d 685, 689 (Kan. Ct. App. 1998); *Luke v.*

9

*Bennion*, 106 P. 712, 714–15 (Utah 1908); *Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273, 1279 (Okla. 1991).[5]

But New Mexico's legislature worded its saving statute differently from the versions in those states. Those states refer to the failure of any suit for any reason other than the merits. *See* p. 9, above. In contrast, New Mexico's saving statute refers to the dismissal of any suit for a reason other than "negligent prosecution." *See* p. 6, above.

When faced with similar variations in statutory wording, the New Mexico Supreme Court has taken guidance only from courts interpreting similar statutory language. *See Gandydancer, LLC v. Rock House CGM, LLC*, 453 P.3d 434, 444 (N.M. 2019) (stating that when New Mexico case law does not provide an answer, the court will seek guidance from interpretations of other jurisdictions' laws only if those laws resemble New Mexico's); *see also Krahling v. First Trust Nat'l Ass'n*, 944 P.2d 914, 916 (N.M. Ct. App. 1997)[6] ("We begin our analysis by recognizing that our decision must be based on the wording of the New Mexico statute and that

---

[5]     Wyoming's appellate courts have not decided the issue in a published opinion.

[6]     *Krahling* was decided by New Mexico's intermediate appellate court rather than the state supreme court. But we follow the opinions by the intermediate appellate court unless other authority convinces us that the state supreme court would have analyzed the issue differently. *Daitom, Inc. v. Pennwalt Corp.*, 741 F.2d 1569, 1574 (10th Cir. 1984).

10

cases from other jurisdictions are persuasive only to the extent that their statutes are similar to ours."); *see also* p. 7, above.

The difference in language reflects a difference in statutory purpose. The purpose of New Mexico's saving statute is to prevent dismissal based on minor or technical errors and relieve plaintiffs who have diligently prosecuted their claims. *See Foster v. Sun Healthcare Grp., Inc.*, 284 P.3d 389, 394 (N.M. Ct. App. 2012) (stating that the purpose of New Mexico's saving statute is to prevent dismissal for plaintiffs who have diligently prosecuted their claims); *see also Furnald v. Hughes*, 804 N.W.2d 273, 276 (Iowa 2011) ("The purpose of a savings statute is to prevent minor or technical mistakes from precluding a plaintiff from obtaining his day in court and having his claim decided on the merits.").

The plaintiffs didn't need the saving statute to avoid dismissal based on a minor or technical error, for they had begun two suits within the limitations period:

> If the first suit gives notice to the defendant of the nature of the claim, then the primary purpose of the statute [of limitations] has been fulfilled. However, the reason to give relief from the statutes of limitations is to save plaintiff from foundering on procedural technicalities that prevent a trial on the merits. If the action is voluntarily dismissed by plaintiff rather than foundering on procedural technicalities, then it is not within the reason of the [saving] statute and should not be encompassed within it. To permit such use of the statute provides the plaintiff with a tool to enable it to defeat the trial of the action and thus defeat the secondary purpose of limitations, trial of the merits while memories are still fresh.

11

William D. Ferguson, *The Statutes of Limitation Saving Statutes* 312 (1978).

The plaintiffs explained to the federal district court in Texas that they were dismissing the first suit to obtain a more generous jury pool in another jurisdiction. But the plaintiffs later told the Fifth Circuit that they were voluntarily dismissing because they didn't think that the district judge would provide a fair trial. *See* p. 14, below. Whatever the true reason, the plaintiffs could have timely pursued one of the first two suits.

Indeed, even after suffering setbacks in the first suit, the plaintiffs timely began a second suit in New Mexico's federal district court. The plaintiffs could have pursued that suit to avoid expiration of the limitations period. The plaintiffs' unilateral decision to abandon both of the first two suits reflects a lack of diligence that's led New Mexico courts to disallow use of the saving statute when a suit is dismissed for failure to prosecute. *Gathman-Matotan Architects & Planners, Inc. v. State, Dep't of Fin. & Admin., Prop. Control Div.*, 787 P.2d 411, 413 (N.M. 1990); *see also Barbeau v. Hoppenrath*, 33 P.3d 675, 678–79 (N.M. Ct. App. 2001) ("The Savings Statute is intended to protect those who prosecute their action in a non-negligent manner; the plaintiff must choose a forum that arguably has the power to decide the matter involved.").

Given the plaintiffs' tactical choice, the New Mexico Supreme Court would likely treat the voluntary dismissal of the first suit as the equivalent

of a dismissal for negligent prosecution. With equivalent treatment, the New Mexico Supreme Court would likely decline to apply the saving statute to the plaintiffs' voluntary dismissal.

**D.    The plaintiffs have not preserved or properly presented an argument on equitable tolling.**

The plaintiffs urge application not only of the saving statute but also of equitable tolling. Under New Mexico law, a limitations period can be equitably tolled, relieving the plaintiffs of a time-bar when exceptional circumstances prevented timely filing. *Little v. Baigas*, 390 P.3d 201, 207 (N.M. Ct. App. 2016). But the plaintiffs forfeited this argument and failed to present it properly on appeal.

The plaintiffs did not refer to equitable tolling in district court. Instead, the plaintiffs referred generically to tolling: "Tolling necessarily applies as was recognized at argument by the Fifth Circuit." Appellants' App'x at 30.

In this sentence, the plaintiffs were referring to a Fifth Circuit judge's question during oral argument, which the plaintiffs interpreted as a statement that reversal would trigger tolling. The plaintiffs elaborated, arguing that "the Fifth Circuit [had] acknowledged at oral argument . . . that if they reversed [the district court] on the denial of dismissal that Plaintiffs would not be left without a remedy because tolling would apply."

13

Appellants' App'x at 29; *see also id.* at 30 (stating that the Fifth Circuit had recognized that "[t]olling necessarily applies").

This characterization is inaccurate, for none of the Fifth Circuit judges said that tolling would apply. The pertinent colloquy was:

> **Judge 1:** . . . There is a limit on dismissing and refiling in that the statute could be an issue.
>
> **Attorney Dunn:** Which we were cognizant of, which is why ultimately while the motion to reconsider was pending, we filed the corresponding place-holding case in New Mexico, believing –
>
> **Judge 2:** Did you serve it?
>
> **Attorney Dunn:** We did not serve it because at that point there's still an open case. So, until the case has been dismissed in Texas, we did not believe it would have been appropriate to serve it . . . .
>
> **Judge 1:** How does that work from a remedies standpoint, here, then, if we were to agree with you that the dismissal was improper, we grant it – you'd be able to timely file in New Mexico? Wherever you want to file?
>
> **Attorney Dunn**: And that gets to the reason that we point out the rest of the errors throughout the course of this trial . . . . We submit that ultimately the remedy that you – one of the remedies you could grant that we've asked for – is to just remand this back to the same district and leave the decision on the transfer alone. But we don't believe we can obtain a fair trial in front of Judge McBryde. And that's what this really comes down to.
>
> **Judge 1:** What do you want, your time's up but what do you want us, what relief, specifically would you want us to order?
>
> **Attorney Dunn:** I believe that on the conclusion of our opening brief we asked first for a remand and an order to transfer the case to New Mexico. If this court is unwilling to touch the transfer

order, we're asking for an order of remand and for the case to be heard by another judge so that we can obtain a fair trial.

**Judge 1**: But in Fort Worth?

**Attorney Dunn**: In Fort Worth.

**Judge 1**: In the Northern District at least, yeah?

**Attorney Dunn**: Those are the two remedies, and we would be satisfied with either. Our preference is of course transfer to New Mexico.

**Judge 2:** I know your time is expired, but I don't understand what basis you would have to get that as the remedy for not getting a non-suit. I mean, that is, why wouldn't the remedy be we've changed the dismissal from prejudice to not-prejudice, and we all go henceforth with that day.

**Judge 1:** Because then you can't refile the case.

**Attorney Dunn**: Then we've lost our case in New Mexico –

**Judge 2:** But that's not – but you get the remedy that's associated with the harm that you suffered.

**Judge 3:** *Well is there an equitable tolling argument?*

**Judge 2:** *But that's for that other court, isn't it?*

Oral Argument at 37:01–39:23, *Dale v. Equine Sports Med. & Surgery Race Horse Serv., P.L.L.C.*, 750 F. App'x 265 (5th Cir. 2018) (No. 17-10569), http://www.ca5.uscourts.gov/OralArgRecordings/17/17-10569_4-5-2018.mp3 (emphasis added). None of the judges said that the limitations period would be tolled.

On appeal, the plaintiffs also argue that the limitations period should be equitably tolled because they had to spend considerable time appealing

an erroneous ruling before they could voluntarily dismiss the first suit. But the plaintiffs forfeited this theory by failing to present it in district court. *Cummings v. Norton*, 393 F.3d 1186, 1190 (10th Cir. 2005).[7]

The plaintiffs not only forfeited this theory but also failed to present it properly here. On appeal, the defendants argued that the plaintiffs had not satisfied their burden on equitable tolling. That burden requires a showing that

- the plaintiffs diligently pursued their rights and

- an impediment existed, beyond the plaintiffs' control, which prevented timely filing.

*Little v. Baigas*, 390 P.3d 201, 207 (N.M. Ct. App. 2016).

On appeal, the defendants argued that the plaintiffs hadn't satisfied either burden, contending that the plaintiffs were neither diligent nor unable to timely file within the four-year period of limitations. The plaintiffs didn't reply to this argument. By failing to reply to this argument, the plaintiffs waived any non-obvious shortcomings in the defendants' argument. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1099 (10th Cir. 2019).

---

[7] We could ordinarily consider this issue under the plain-error standard, but the plaintiffs have not argued plain error. *See Bishop v. Smith*, 760 F.3d 1070, 1095 (10th Cir. 2014) (stating that we will not consider the possibility of plain error on a forfeited theory when the claimant fails to argue for plain error).

16

We see no obvious flaws in the defendants' argument. The district court characterized the plaintiffs' conduct in Texas as "considerably short of good faith," pointing to flimsy excuses for a failure to attend proceedings and an "outright refusal to comply with the final trial setting order." Appellants' App'x at 50.

And the Texas federal court's error did not prevent the plaintiffs from timely filing. Their first suit was timely, and no one forced them to dismiss that suit. They chose to do so.

Indeed, the plaintiffs began a second suit in New Mexico's federal district court in August 2016, within two years of the alleged wrongdoing. That suit was also timely, but the plaintiffs voluntarily dismissed that suit, too.

The plaintiffs could have continued with either of their first two suits without fearing expiration of the limitations period. But the plaintiffs chose to voluntarily dismiss both of the first two suits and refile more than four years after learning of the alleged wrongdoing.

Given the lack of diligence or external impediments to timely filing, we see no obvious flaws in the defendants' arguments against equitable tolling. So even without the forfeiture, we would reject the plaintiffs'

17

argument for equitable tolling.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge